Erma Lee JONES, Appellant,

v.

HOME INDEMNITY INSURANCE COMPANY, Appellee.

Supreme Court of Tennessee,
at Jackson.

May 23, 1983.

Linda L. Moore, Hill Garrety & Associates, P.C., Jeffrey A. Garrety, Hill, Garrety & Associates, P.C., Jackson, for appellant.

E.J. Nunn, Spragins & Murchison, Jackson, for appellee.

## OPINION

FONES, Chief Justice.

The sole issue before the Court in this worker's compensation case is whether the trial court erred in granting defendant's motion for summary judgment, invoking the bar of the one year statute of limitations. We find that the record presents a genuine issue of material fact and that the granting of a summary judgment was erroneous. We reverse and remand for a complete trial of this worker's compensation case on its merits.

Plaintiff was injured on July 30 or 31, 1979, but did not file suit until August 25, 1980. Plaintiff contends that under the "injury" statute of limitations that governs in this State, the statute did not begin to run until November 19, 1979, and that suit was timely filed. Defendant contends that the statute began to run on the date of the accident.

██ The summary judgment procedure is not to be regarded as a substitute for trial of disputed factual issues. The burden is on the moving party to show the absence of a genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. The trial court and the appellate courts must view the evidence in the light most favorable to the opponent of the motion, including the benefit of every reasonable inference that can be drawn therefrom. *See, e.g., Taylor v. Nashville Banner Publishing Co.,* 573 S.W.2d 476, 480 (Tenn.App.1978).

The record reveals that during the period in which plaintiff was being treated by Dr. Williams, plaintiff received shots and medication which brought her temporary relief; that plaintiff was under the impression that Dr. Williams was treating her for "pulled muscles" in her back; that Dr. Williams advised her that her condition was not serious and that she did not have a permanent condition but that she could expect to improve; that plaintiff was able to return to her regular work schedule; and that up until the second week in November, when her back pain, accompanied by pain in her leg, began to increase, her pain had lessened enough that plaintiff actually believed that her condition had improved. Yet against these facts, defendant contends that plaintiff's initial pain was so severe that she needed assistance in getting out of bed the morning after the accident; that the accident forced her to miss the following week of work; that she consistently continued to see Dr. Williams during the month and a half after the injury until her first operation; that the shots and medication administered to her by Dr. Williams became increasingly ineffective in relieving her pain; and that plaintiff at least had reason to know her injury was compensable as early as August 23, 1979, when she presented to her employer for his signature, a proof of claim of her insurance carrier.

██ Recently in *Hibner v. St. Paul Mercury Ins. Co.,* 619 S.W.2d 109, 110 (Tenn. 1981),[1] we noted that "the determination of the time the statute of limitations begins to run often is troublesome, not from the standpoint of what triggers the running of the statute but from a factual standpoint." Such observation is equally applicable to the instant case. From a review of the entire record, including what the evidence reveals as to plaintiff's ability to under-

---

1. In *Hibner,* the claimant sought worker's compensation benefits more than two years after an on-the-job back injury. During the period before the action was filed, the claimant lost little time from work but suffered intermittent pain. On those occasions when she noticed back pain, she sought medical treatment but was advised that her condition was not serious and that she had no disability. We held that the one year statute of limitations did not bar the claimant's action because she had no reason to know that she suffered a compensable injury until two years after the accident when her treating physician informed her she had a herniated disc in the lumbar area of her spine.

stand both her doctor's diagnosis and the nature of her injury under the circumstances, it cannot be said that there is no genuine issue of any material fact or that defendant is entitled to judgment as a matter of law.

The judgment of the Chancery Court of Madison County is reversed and this cause is remanded for a trial and decision on the merits. Costs of this appeal are adjudged against defendant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.