**COLLEGE GROVE WATER UTILITY DISTRICT OF WILLIAMSON COUNTY, Tennessee, Plaintiff-Appellant,**

v.

**Joe C. BELLENFANT and Wife, Elynor Bellenfant, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 8, 1984.

Application for Permission to Appeal Denied by Supreme Court May 21, 1984.

Thomas L. Reed, Jr., Murfreesboro, for plaintiff-appellant.

Richard A. Buerger, Petersen, Buerger & Yost, Franklin, for defendants-appellees.

## OPINION

LEWIS, Judge.

Plaintiff, College Grove Water Utility District of Williamson County, Tennessee (District), sought a declaratory judgment on its contract with defendants and appeals the Trial Judge's decision to sustain a motion to dismiss at the conclusion of the District's proof.

The District is a utility district organized and existing pursuant to the Utility District Law of 1937, T.C.A. § 7–82–101, *et seq.* On September 30, 1964, the District entered into a contract with defendants which provided, in part, that defendants were to lease a well and adjacent land to the Dis-

trict for a period of forty years. The contract contained, *inter alia,* the following covenant:

> The District covenants that it will build, install and house at its own expense, pumps, treatment plants and pipe lines on the premises for a water distribution system for the residences and businesses within the area now served by it. *The District further covenants that water from the said well during the term of this lease agreement shall be used and distributed by its water distribution system only within the presently existing territorial boundaries or limits of the area which the District is now authorized to serve.* [Emphasis added.]

> It is mutually understood and agreed that the Owner will be permitted to receive water from the distribution system of the District for the use of their dwellings, their tenant houses and their businesses (as same now exist or as same may at any time during the term of this agreement be changed, replaced, altered or modified), all of which are located on the premises from which the above lands are taken and described, which water will be metered to the owner through a meter to be installed by and at the expense of the District for the sole purpose of keeping a record of the use thereof. No charge will be made by the District for the water so used by JOE C. BELLENFANT.

The District filed its complaint in 1982 seeking a declaratory judgment that the clause limiting the District to use of the water within the boundaries of the District as it existed at the time the lease was made was "void and unenforceable as being against public policy and contrary to the general laws of the State of Tennessee."

The District first complains that the Trial Court erred in dismissing its complaint at the close of the plaintiff District's proof.

> [W]hen a motion to dismiss is made at the close of plaintiff's case under Rule 41.02(2), the trial judge must impartially weigh and evaluate the evidence in the same manner as though he were making findings of fact at the conclusion of all of the evidence for both parties, determine the facts of the case, apply the law to those facts, and, if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits .... The action should be dismissed if on the facts found and the applicable law the plaintiff has shown no right to relief.

*City of Columbia v. C.F.W. Construction Co.,* 557 S.W.2d 734, 740 (Tenn.1977).

▇ The burden was upon the District to show by a preponderance of the evidence that the complained of covenant was void and unenforceable because it violated public policy.

▇ The District insists that the covenant "which restricted the District to its territorial limits that existed on September 30, 1964, obviously injures the 'public welfare,'" because the District was expressly authorized to extend services beyond the boundaries, T.C.A. § 7–51–401, and the power to make a decision to extend services beyond the boundaries of the utility district is vested in the Board of Commissioners, the governing body of the District. T.C.A. § 7–82–301(a). The District therefore insists that the complained of covenant divested power to extend out of the Board of Commissioners and placed it in the defendants. It further insists that the District had no power to so contract.

In support of its insistence, the District relies on *City of Parsons v. Perryville Utility District,* 594 S.W.2d 401 (Tenn.App. 1979). The City of Parsons contracted with the Perryville Utility District to supply water to the Utility District for a forty-five year period at a rate to be adjusted every five (5) years. However, the rate adjustment could not take into account any capitalization costs. This Court held that T.C.A. § 6–1421 (now T.C.A. § 7–35–414) imposed upon the City a

> duty to establish and maintain just and equitable rates, and [that T.C.A. § 7–35–414] specifically provided that such rates and charges shall be adjusted so as to

232

provide funds sufficient to pay all reasonable expenses of operation .... It is further provided that such rates shall be readjusted as necessary from time to time. Therefore, the City had no power to bind itself to a rate for forty-five years which was not subject to increase to reflect the cost of increased capitalization of the system.

594 S.W.2d at 407.

Reliance by the District on the *City of Parsons* is misplaced. Nothing in the contract between the District and defendants in this case limits the District's power to extend its services or boundary lines in any way at any time. The contract simply provides that the water from defendants' well will "be used and distributed ... only within the presently existing territorial boundaries." The District retains the power to extend its boundaries and provide services outside the 1964 boundaries at any time and in any manner it sees fit. The only restriction is that it may not use water from defendants' well to provide services to persons outside the 1964 boundaries. Nothing contained in the contract prohibits the District acquiring other water sources either by the power of eminent domain or by entering into contracts for the supply of water from others.

The District has failed to show by a preponderance of the evidence that the contract, or any part of the contract, entered into between the District and defendants is against public policy and/or contrary to the general laws of the State of Tennessee. Nothing contained in the contract prohibits the District from carrying out its mandated functions. This issue is without merit.

 By its second issue, the District complains that the Trial Court erred in disallowing testimony of two witnesses. These witnesses were offered by the District to show that it was necessary to extend water services outside the 1964 boundaries because the area outside the boundaries lacked water and wells in the area to which the District proposed to extend services had contaminants.

The Trial Judge disallowed their testimony as being irrelevant to the issue. We agree. The contract between the District and defendants limits only the District's use of water from defendants' well to extend services. Nothing prohibits the District from extending its boundaries at any time. Needs of persons outside the 1964 boundaries are irrelevant to the issue of whether the contract is void as against public policy.

The judgment of the Chancellor is affirmed with costs to the District and the cause is remanded to the Circuit Court for collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.