Amanda Michelle ARMES, An Infant age 20 months, by next friend, natural guardian and father, Paul E. ARMES, Plaintiff/Appellant,

v.

Louise HULETT and Ron Shuler d/b/a Mr. Rooter, Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 31, 1992.

Application for Permission to Appeal Denied by Supreme Court Nov. 23, 1992.

Jack Green, Nashville, for plaintiff/appellant.

Thomas Pinckney, Howell, Fisher & Branham, Nashville, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

The plaintiff, Amanda Michelle Armes, a minor suing by next friend, has appealed from a summary judgment dismissing her suit against the defendant, C & C Nashville Enterprises, Inc., for negligent infliction of personal injury.

The following facts are uncontroverted:

On March 15, 1989, plaintiff resided with her parents in an apartment in the basement of a house located at 2203 Maplehurst Drive, Nashville, Tennessee, and owned by Mrs. Louise Hulett, who is not involved in this appeal. At about 5:30 p.m. on said date, an employee of defendant was attempting to clear an obstruction in the plumbing serving the main floor of the house when a break occurred in a pipe in the ceiling structure of the basement apartment, causing sewage to leak and fall upon the minor plaintiff. Plaintiff received

emergency room attention promptly after the incident and was subsequently treated for an ear infection.

The Trial Court entered partial summary judgment dismissing plaintiff's claim for the ear infection because plaintiff was unable to produce competent evidence of proximate cause. No complaint is made on appeal as to this action of the Trial Court.

Subsequently, the Trial Court entered summary judgment dismissing plaintiff's suit in its entirety, and it is this action which is the basis of plaintiff's complaints in this appeal. As stated in plaintiff's brief, the issue on appeal is:

Was summary judgment appropriate with regard to the infant's being damaged with sewerage from the plumbing broken by Defendant with resulting medical attention and pain and suffering.

At first blush, it would appear that the issue in this appeal is whether a plaintiff suffers a compensable injury from being deluged with sewage which does not cause any infection. However, the briefs do not discuss this issue, but concentrate upon the burden of introducing evidence in support of and in opposition to a motion for summary judgment, and, in particular, evidence of negligence of defendant.

T.R.C.P.Rule 56.03 states in pertinent part as follows:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Nothing in the quoted rule places upon a plaintiff faced with a motion for summary judgment the initial burden of producing some evidence of every necessary element of his case in the same manner as is required at trial to avoid a directed verdict at the close of plaintiff's evidence.

■ In seeking a summary judgment, the defendant must produce or point out evidence in the record which, if uncontradicted, entitles defendant to judgment as a matter of law. If the plaintiff offers no evidence to contradict such evidence, then defendant is entitled to summary judgment. If the plaintiff offers evidence to contradict or otherwise avoid the effect of the evidence offered by defendant, then there is no uncontradicted evidence to entitle defendant to judgment as a matter of law.

■ Having contradicted or avoided the evidence offered by defendant, the plaintiff is not obligated to offer evidence of other elements of his case as to which defendant has offered no evidence.

Defendant cites *Moman v. Walden,* Tenn.App.1986, 719 S.W.2d 531, wherein the Court stated:

Under Rule 56.03, upon motion, summary judgment shall be entered against a party who failed to make a showing sufficient to establish the existence of an essential element to that party's case and on which the party will bear the burden of proof at trial. If the non-moving party fails to establish the existence of an essential element, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Momans admit the execution of the "Suretyship Agreement" but allege that it was executed under economic duress and therefore void. The burden of showing economic duress is on the Momans. If they are unable to show that economic duress was used to obtain the "Suretyship Agreement," then summary judgment is appropriate.

Following our review of the record, we concur with the Chancellor in his finding that the Momans failed to establish that the Bank used economic duress.

719 S.W.2d at 533.

It is obvious from the above that the admission by the defendants of the execution of the surety agreement entitled the plaintiff to summary judgment unless de-

fendants offered evidence of an affirmative defense to avoid the conclusive effect of plaintiff's evidence; for example, fraud in procurement of the agreement. Under these circumstances, the rule stated in *Moman* was applicable. That is, the defendants had the burden of producing evidence to contradict or avoid the evidence relied upon by plaintiff.

In *Celotex Corp. v. Catrett*, cited in *Moman*, the defendant had elicited from plaintiff the admission that she was unable to produce evidence to support a vital element of her case, i.e., connection of defendant with the injury claimed. Under these circumstances, the rule stated in *Moman* and adopted from *Celotex* was applicable, for, having admitted that she had no evidence to establish liability, plaintiff had the burden of contradicting her admission by producing evidence sufficient to establish liability.

In *Owen v. Stanley*, Tenn.App.1987, 739 S.W.2d 782, this Court said:

A motion for summary judgment can put the plaintiff's case to the test. After a plaintiff has been given a reasonable opportunity to substantiate its claims, a summary judgment may be entered if the plaintiff has failed to establish an essential element of his case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Moman v. Walden*, 719 S.W.2d 531, 533 (Tenn.Ct.App.1986).

Since the proponents of Mr. Pope's will proved that it was properly executed, the burden shifted to the contestants to prove their claims that Mr. Pope lacked the mental capacity to execute a will and that he was unduly influenced by Mrs. Owen. *In re Estate of Elam*, 738 S.W.2d 169, 172 (Tenn.1987); *Taliaferro v. Green*, 622 S.W.2d 829, 835 (Tenn.Ct. App.1981). The contestants came forward with no proof on either the undue influence or the lack of testamentary capacity issues. Each, in turn, conceded that they had no factual basis for their claims other than their assertion that Mr. Pope was upset about his son's illness

and would not have disinherited his dying son had it not been for his daughter's influence....

739 S.W.2d at 787.

In the cited case, the moving party proved due execution of the will which raised a presumption of regularity. This presumption served as evidence to support the motion for summary judgment until contradicted or otherwise avoided by evidence which was not produced. Therefore, under the uncontradicted evidence, the proponent was entitled to judgment as a matter of law, that is, the stated rule was applicable to the circumstances of the case.

In *Goodman v. Phythyon*, Tenn.App. 1990, 803 S.W.2d 697, this Court said:

In the case at bar, the plaintiff simply failed to controvert Wolfson's affidavit testimony that the standard of care in the practice of ophthalmology is to accord the anesthetic team the supervision and control of the patient's sedation and failed to controvert that Wolfson conformed to that standard. Plaintiff's complaint is subject to summary dismissal if the plaintiff, after being given a reasonable opportunity, has failed to establish an essential element of the case in which the plaintiff will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Stanley v. Joslin*, 757 S.W.2d 328, 330 (Tenn.App.1987); *Moman v. Walden*, 719 S.W.2d 531, 533 (Tenn.App. 1986).

803 S.W.2d at 703.

In the cited case, plaintiff sued an ophthalmologist (M.D. eye surgeon) for negligence in permitting an inexperienced anesthetist to attend the patient and in failing to properly respond to an emergency during surgery. The defendant filed his affidavit which negatived negligence on his part. The plaintiff undertook to contradict the affidavit of the defendant by that of an anesthesiologist who admitted that he was not familiar with the standard of care required in the practice of ophthalmology. This Court held simply that the (plaintiff's) affiant anesthesiologist disqualified himself as an expert on the subject of his affidavit

which was therefore not a competent and effective contradiction of defendant's competent affidavit. Therefore, the evidence requiring summary judgment was uncontradicted, and defendant was entitled to summary judgment.

In the same opinion, this Court said:

... In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee,* 692 S.W.2d 420 (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.,* 660 S.W.2d 799 (Tenn.App.1983).

803 S.W.2d at 702.

However, neither the quoted opinion nor the authorities cited therein state that the procedure on summary judgment motions and motions for directed verdict is identical in every respect. As clearly indicated in each authority, the similarity is in the matter of construing evidence favorably toward the opponent of the motion. As to the burden of proceeding, the rule in respect to directed verdicts is the reverse of that in summary judgments. In order to defeat defendant's motion for directed verdict, the opponent of the motion (plaintiff) must initially produce sufficient evidence to support a judgment for the plaintiff. On defendant's motion for summary judgment, the proponent of the motion (defendant) must initially produce evidence to support a judgment for the defendant.

In summary, the quoted pronouncements of *Celotex* and the cited Tennessee authorities are applicable in appropriate circumstances, but do not constitute a blanket requirement that a plaintiff must respond to every defendant's motion for a summary judgment by presenting evidence of every element of plaintiff's case.

In short, a defendant is not entitled to summary judgment merely because plaintiff failed to support every element of his case with evidence, but because plaintiff failed to contradict evidence which, if uncontradicted, entitles defendant to judgment as a matter of law.

The issues in the present case are, (1) Did the defendant produce evidence which, if uncontradicted, entitle defendant to judgment as a matter of law; and (2) If so, is such evidence offered by defendant uncontradicted.

■ The evidence presented by defendants was the affidavit of Don Clark which is as follows:

On or about March 15, 1989, I was employed as a plumber by C & C Nashville Enterprises, Inc. which does business as Mr. Rooter. I have twelve years experience as a plumber. I was instructed to go to the residence of Louise Hulett. When I arrived, I was told that her kitchen sink had backed up. I went inside the house and looked at the sink. Both sides of the sink were clogged. The normal routine is to see if the drain could be unclogged from the venting on the roof. I went on to the roof of Hulett's house and identified the vent for the kitchen sink. The procedure is to blow into the vent and if the air does not blow in freely, the pipe normally can be unclogged from that vent. When I blew into the pipe, the test revealed that the drainage pipes from the kitchen sink were clogged. I told Ms. Hulett that the pipe could be unclogged from the roof. I then inserted a cable into the ventilation pipe on the roof. After the cleaning of the pipe had begun, Hulett told me that "the line was leaking water." I immediately stopped cleaning the pipe. Before she told me about the leak, Hulett did not tell me about a basement apartment in her home. I was not aware that her house had a basement apartment. The procedures that I used in cleaning out the pipe were routine procedures.

The next day I returned to repair the broken pipe. Upon inspection, I found that the leak had originated above the ceiling and behind a ceiling light fixture in the basement apartment. Some of the ceiling pipe had been replaced with PVC plastic pipe. That pipe appeared to be brand new. The leak, however, had occurred from the older galvanized pipe which had rusted from the inside out. Pipe which corrodes from the inside out is difficult to detect until the pipe is removed and inspected from the inside. I was not asked to do a thorough inspection of the drainage and sewage pipes at Hulett's house. I was only asked to unclog Hulett's pipes. In the unclogging of the pipes, I followed normal practice as used in the plumbing business in this community. I did nothing to cause the pipe to break. The pipe broke as a result of the corrosion inside the pipe. The extent of the corrosion could not have been seen on the outside of the pipe until the pipe broke.

The information contained in this affidavit is based upon my personal knowledge.

The affidavit does not, in specific words, deny negligence or assert reasonable care. However, such words would have been subject to being stricken or disregarded because they were inadmissible in evidence. T.R.C.P.Rule 56.05. *Blackburn v. Murphy,* Tenn.1987, 737 S.W.2d 529; *Fitch v. Louisville & N.R. Co.,* 1 Tenn.Cas. (1 Shannon) 525 (1875); *Cumberland Tel. & Tel. Co. v. Stoneking,* 1 Tenn.C.C.A. (Higgins) 241 (1910); T.R.E.Rule 701.

However, the affidavit does state facts from which a rebuttable presumption of due care would arise; and, if uncontradicted, would support a summary judgment for the defendants. *N.C. & St. L. Ry. v. Wade,* 127 Tenn. 154, 153 S.W. 1120, Ann. Cas. 1914B, 1020 (1913). *McGee v. Nashville White Truck, Inc.,* Tenn.App.1981, 633 S.W.2d 311; *Smith v. Roane–Anderson Co.,* 30 Tenn.App. 458, 207 S.W.2d 353 (1948).

The rule just stated is subject to the limitation that, in matters in which an ordinary person would be qualified to pass judgment upon the questioned actions, the inference of care or negligence would be an issue of fact for the finder of fact and not an issue of law for the Court. The facts of the present case do not present a situation within such exception.

This Court concludes that the facts stated in the quoted affidavit, if uncontroverted, require a finding of no negligence and a consequent summary judgment for the defendants.

■ Plaintiff asserts that the doctrine of res ipsa loquitur is applicable to the circumstances of this case. Negligence is not presumed from the mere fact of an accident or injury. *Memphis St. Ry. Co. v. Cavell,* 135 Tenn. 462, 187 S.W. 179 (1916). *Mullins v. Seaboard Coastline Ry. Co.,* Tenn.App.1974, 517 S.W.2d 198.

■ The res ipsa doctrine is one of evidence and not of substantive law. *Quinley v. Cocke,* 183 Tenn. 428, 192 S.W.2d 992 (1946). It furnishes a permissible but not compulsory inference of negligence. *Scarbrough v. City of Lewisburg,* Tenn. App.1973, 504 S.W.2d 377.

■ Where the thing causing the harm is shown to be under the management of the defendant or its servants, and the accident is such as in the ordinary course of things does not happen if those having the management use proper care; it affords reasonable evidence in the absence of an explanation, that the accident arose from want of due care. *Southeastern Aviation, Inc. v. Hurd,* 209 Tenn. 639, 355 S.W.2d 436 (1962). *Coca–Cola Bottling Works v. Sullivan,* 178 Tenn. 405, 158 S.W.2d 721, 171 A.L.R. 1200 (1942).

■ The necessary requirements for application of the doctrine of res ipsa loquitur are:

1. There must be a "thing" causing an injury.

2. That "thing" must be under the exclusive management and control of the defendant or its servants.

3. The "thing" must be shown to be of such a nature that injury does not ordinarily result from its careful management.

 In the present case, the "thing" causing the injury was a defective pipe. There is no evidence that it was under the management or control of defendants.

Another "thing" which evidently contributed to the failure of the defective pipe and injury was a cable, which was under the exclusive management and control of the defendants. However, such management and control was "blind," in that the affiant was without knowledge of the route or condition of the pipe or pipes through which the cable was being operated.

Finally, there is no evidence that the "thing" (the cable) was of such a nature that a rupture of a defective pipe does not ordinarily occur when the cable is carefully operated.

In order to contradict the evidence offered by defendant by invoking the doctrine of res ipsa loquitur, the plaintiff had the burden of "showing" (i.e. introducing some evidence that defective pipes do not ordinarily break when penetrated by a cable operated in a careful manner). No such evidence is found in the record, and the knowledge of such matters is not of such general cognizance as to be a proper subject of judicial knowledge.

Plaintiff has presented no evidence to contradict the affidavit presented by defendants. Therefore, defendants are entitled to dismissal by summary judgment.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed to the plaintiff. The cause is remanded to the Trial Court for collection of costs in that Court and any other necessary proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.