GLORIA KEENE and husband,      )
EDWARD KEENE,                  )
                               )    Appeal No.
        Plaintiffs/Appellants, )    01-A-01-9505-CV-00211
                               )
v.                             )
                               )    Davidson Circuit
CRACKER BARREL OLD COUNTRY     )    No.  88C-2728
STORE, INC.,                   )
                               )
        Defendant/Appellee.    )

FILED

Oct. 25, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE THIRD CIRCUIT COURT OF DAVIDSON COUNTY


THE HONORABLE BARBARA N. HAYNES, JUDGE

KEITH V. MOORE
100 North Main Building
Suite 3217
Memphis, Tennessee 38103
     ATTORNEY FOR PLAINTIFFS/APPELLANTS



MARTIN D. HOLMES
Stewart, Estes & Donnell
14th Floor, 424 Church Street
Third National Financial Center
Nashville, Tennessee 37219
     ATTORNEY FOR DEFENDANT/APPELLEE

REVERSED AND REMANDED



SAMUEL L. LEWIS, JUDGE

# O P I N I O N

This is an appeal by plaintiffs/appellants, Gloria and Edward Keene, from the trial court's order granting partial summary judgment to defendant/appellee, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel").

The pertinent facts and history are as follows. On 27 July 1987, Mrs. Keene entered a Cracker Barrel restaurant. While being led to her table by a Cracker Barrel employee, Mrs. Keene fell. As a result of the fall, Mrs. Keene broke her left hip, more specifically, her left femoral neck. Dr. Morris, an orthopedic surgeon, treated Mrs. Keene. On 26 July 1988, Mr. and Mrs. Keene filed a complaint alleging that Cracker Barrel was negligent.

Over the next few years, Mrs. Keene developed avascular necrosis in her left hip. This condition causes the head of the femur or the ball of the hip to die because of an insufficient supply of blood. As the bone dies, the hip collapses. In addition to the bone dying, the cartilage dies. The death of the cartilage causes a great deal of pain because there is no cushion left between the bones and they grind against one another. Mrs. Keene also developed an antalgic or painful gait as a result of the hip break. Simply stated, this is a limp. For example, as Mrs. Keene "puts her foot down on the side with the broken hip, she gets off that hip very quickly onto the next foot."

Three years after Mrs. Keene fell in the Cracker Barrel, she was outside working in her garden. While there, she saw some worms on a lower limb of her pecan tree. In order to treat the tree, she climbed onto the first step of a small ladder. Mrs. Keene claims that as she was about to get down her left leg collapsed and she fell. As a result of the fall, she broke her right femoral neck.

Once again, Dr. Morris treated Mrs. Keene.  Subsequently, Dr. Harkess, an orthopedic surgeon, preformed hip replacement surgery on Mrs. Keene's right hip.

Plaintiffs filed an amended complaint on 7 January 1991 and alleged that the second "fall was the direct and proximate result of a weakened and injured left hip. . . ."  In April 1992, the court sustained Cracker Barrel's motion for summary judgment. Plaintiffs appealed to this court.  After reviewing the record, this court held that the trial court had erred in granting the motion.  This court reversed the decision and remanded the case to the trial court. ***Keene v. Cracker Barrel Old Country Store, Inc.***, 853 S.W.2d 501 (Tenn. App. 1992) .

Cracker Barrel then moved for partial summary judgment alleging that plaintiffs could not "establish, by competent expert medical proof, that the second fall . . . was caused by a 'weakened and injured left hip.'"  In support of their motion, Cracker Barrel relied on the depositions of Doctors Morris and Harkess taken by plaintiffs and its Memorandum in Support of the Motion for Partial Summary Judgment which is not part of the record on appeal.  In response, plaintiffs pointed to the deposition testimony of Mrs. Keene, Dr. Morris, and Dr. Harkess.  After hearing arguments and reviewing the record, the trial court entered an order granting Cracker Barrel's motion for partial summary judgment.  By consent order, the trial judge amended the order making it a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.

On 6 March 1995, Plaintiffs filed their notice of appeal. Plaintiffs presented three issues on appeal.  We can address all three by determining whether the trial court erred when it granted Cracker Barrel's motion for partial summary judgment.

As a starting point, it is important to note that "[a]s a general rule, negligence cases are not amenable to disposition under Tennessee Rule of Civil Procedure 56 summary judgment proceedings unless, from all of the facts together with the inferences to be drawn from the facts, the facts and inferences are so certain and uncontroverted that reasonable minds must agree." **Keene**, 853 S.W.2d at 502-03 (citing **Wolfe v. Hart**, 679 S.W.2d 455, 457 (Tenn. App. 1984)). Thus, a court must grant a motion for summary judgment when the moving party establishes that there is no genuine issue as to any material fact. **Byrd v. Hall**, 847 S.W.2d 208, 214 (Tenn. 1993). The moving party may establish such a lack of controversy by showing that the non-moving party is unable to prove an essential element of the case. In other words, summary judgment is appropriate when the non-moving party fails to "establish the existence of an essential element to that party's case and on which the party will bear the burden of proof at trial." **Moman v. Walden**, 719 S.W.2d 531, 533 (Tenn. App. 1986) (citing **Celotex Corp. v. Catrett**, 477 U.S. 317, 106 S. Ct 2548, 91 L. Ed. 2d 265 (1986)); **see also Alexander v. Memphis Indiv. Practice Assoc.**, 870 S.W.2d 278, 280 (Tenn. 1994) (citing **Celotex Corp.**, 477 U.S. at 317). The logic behind the rule is that if a party is unable to prove an essential element of the case then all other factual issues are irrelevant. To explain, if a party fails to establish proximate cause in a negligence case, then it no longer matters whether there is a factual dispute as to breach of duty. **Alexander**, 870 S.W.2d at 280; **Moman**, 719 S.W.2d at 533.

The non-moving party, however, does not have the initial burden of producing evidence as to every essential element of the case. **Armes v. Hulett**, 843 S.W.2d 427, 429 (Tenn. App. 1992). In fact, the movant "must initially produce evidence to support a judgment. . . ." **Id.** at 431; **see also Byrd v. Hall**, 847 S.W.2d at

In **Armes**, this court explained:

> In seeking a summary judgment, the [movant] must produce or point out evidence in the record which, if uncontradicted, entitles [movant] to judgment as a matter of law. If the [non-moving party] offers no evidence to contradict such evidence, then [movant] is entitled to summary judgment. If the [non-moving party] offers evidence to contradict or otherwise avoid the effect of the evidence offered by [movant], then there is no uncontradicted evidence to entitle [movant] to judgment as a matter of law.

**Armes**, 843 S.W.2d at 429. Thus, the non-moving party must produce evidence which contradicts the allegations asserted by the movant in the motion, not prove their entire case in defense of the motion. Simplifying the discussion even further, the court in **Armes** used the following two questions to determine whether the grant of summary judgment was appropriate: "(1) Did the [movant] produce evidence which, if uncontradicted, entitle [movant] to judgment as a matter of law; and (2) If so, is such evidence offered by [movant] uncontradicted." *Id.* at 431. In this case, the first question is: Did Cracker Barrel produce evidence which, if uncontradicted, would prove that plaintiffs are unable to "establish, by competent expert medical proof, that the second fall . . . was caused by a 'weakened and injured left hip.'" The answer is no.

In its argument, Cracker Barrel sets forth two different interpretations of the record, but fails to establish that plaintiffs cannot prove their interpretation of the record. One interpretation offered by Cracker Barrel is that osteoporosis caused the right hip to break. To support this contention, Cracker Barrel points to the testimony of Dr. Morris. In his 1994 deposition taken by plaintiffs, Dr. Morris testified that femoral neck fractures are very common among post-menopausal woman that have osteoporosis and that he thought Mrs. Keene, who is post-menopausal, had some osteoporosis. A second interpretation,

offered by Cracker Barrel, is that the femoral neck fractured first and then Mrs. Keene fell. This theory is supported by Dr. Morris's testimony that femoral neck fractures can occur without trauma.

The problem with this argument is that by suggesting two different interpretations of the same evidence Cracker Barrel essentially concedes that there is a factual dispute. More important, factual disputes over causation are for the jury to decide. The court will only make such determinations when causation is definite. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn. 1981). Further, the fact that there may be other explanations does not mean that plaintiffs cannot show causation. After all, there can be more than one cause of an injury. *See Whitehurst v. Howell*, 20 Tenn. App. 314, 329, 98 S.W.2d 1071, 1081 (1936).

Cracker Barrel points to two other pieces of evidence to support its contention that plaintiffs are unable to prove causation. First, Cracker Barrel points out that a fall to the ground usually causes an intra-trochanteric fracture. Once again Cracker Barrel quotes a portion of Dr. Morris' testimony to support this point. The problem with the quoted testimony is that it also reveals that a fall to the ground can result in a femoral neck fracture. Dr. Morris explained as follows:

> Q You mentioned, Doctor, that typically, when someone falls and fractures their hip through contact with the ground, that there is a different type of fracture?
>
> A Typically, that is what we call an intra-trochanteric fracture.
>
> Q Could you explain in layman's terms what that is?
>
> A The trochanter is the part of the hip that you can feel when you take your hand to your side and press on your hip bone. You are feeling the trochanter. And that is the part that hits the ground when you fall on your hip and that is the

part that breaks.
    The femoral neck is the little connection between the trochanter and the head of the femur . . . .  And it's the part of the bone that takes the sheer when walking or standing or twisting or turning, and that is when it's most likely to fracture.
    Now, you can fracture your femoral neck by falling on your trochanter.  I am sure that happens.  So, both ways could happen.

This testimony fails to establish that plaintiffs will not be able to prove causation at trial.  In fact, plaintiffs may use this along with Dr. Morris's other testimony to prove causation.  For example, in Dr. Morris' 1990 deposition taken by plaintiffs,  he testified that he thought within a reasonable degree of medical certainty that "the fall caused the fracture of the [left] hip." Note that the left hip break was a femoral neck fracture not an intra-trochanteric fracture.  Therefore, it is reasonable to conclude that if the left hip break was the result of a fall then the right hip break was too.

Second, Cracker Barrel argues that the "plaintiff's sole proof on the issue of causation" is Mrs. Keene's own testimony. It contends that such proof is insufficient on a summary judgment motion because it is simply a reassertion of the allegations made in the complaint.  Next, Cracker Barrel contends that plaintiffs cannot use Mrs. Keene's testimony because it is lay opinion testimony prohibited under Tennessee Rules of Evidence 701(a). Cracker Barrel goes on to argue that plaintiffs can only establish causation in this case by using expert medical proof.  To support its argument, Cracker Barrel analogizes this case with workman's compensation and medical malpractice cases.  Although Cracker Barrel's legal contentions may be sound, it loses the argument because Mrs. Keene's deposition testimony is not plaintiffs' only evidence of causation.  In opposition to the motion, Plaintiffs offered the deposition testimony of Mrs. Keene, Dr. Morris, and Dr.

Harkess.

Cracker Barrel's evidence fails to prove that plaintiffs are unable to "establish, by competent expert medical proof, that the second fall . . . was caused by a 'weakened and injured left hip.'" In summary, Cracker Barrel's two interpretations prove only that the parties can argue the facts differently and that there is a factual dispute. Second, Dr. Morris' testimony, regarding the different types of hip brakes, failed to prove that the fall did not result in Mrs. Keene's right femoral neck fracture. Finally, Cracker Barrel's attack of Mrs. Keene's testimony is irrelevant because plaintiffs rely on additional expert medical testimony to demonstrate causation.

In addition to the faults in Cracker Barrel's argument listed above, there is one more worth mentioning. That is, Cracker Barrel seems to argue that plaintiffs must establish by a preponderance of the evidence that the weakened condition of the left hip caused the fall and the resulting right femoral neck fracture. Unfortunately for Cracker Barrel, while this is plaintiffs burden at trial, it is not their burden on summary judgment. It is not necessary for a non-moving party to try their case at the summary judgment stage of a trial. Instead, the non-moving party must "demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Byrd*. 847 S.W.2d at 211. Further, the determination of the issue is weighted in favor of the non-moving party because the court "must view the evidence in the light most favorable to the opponent of the motion, including the benefit of every reasonable inference that can be drawn therefrom." *Jones v. Home Indemnity Ins. Co.*, 651 S.W.2d 213, 214 (Tenn. 1983).

Although we concluded that Cracker Barrel was not entitled to summary judgment, it is worth noting that plaintiffs carried their burden of establishing the existence of a genuine issue of material fact. Clearly there is a factual dispute. Cracker Barrel argues that Mrs. Keene's left hip did not give way causing her to fall to the ground. Plaintiffs, not surprisingly, argue just the opposite. In addition, because the factual dispute "must be decided in order to resolve the substantive claim[,]" the factual dispute is material. *Id.* at 215. Finally, the material fact issue is genuine. In *Byrd*, the Tennessee Supreme Court defined the term "genuine issue." *Id.* The court stated, "the test for a 'genuine issue' is whether a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.* Plaintiffs have presented an interpretation of the evidence different from that of Cracker Barrel. Initially, plaintiffs established through Dr. Morris's testimony that Mrs. Keene had avascular necrosis of the left hip. Next, plaintiffs pointed out testimony showing that avascular necrosis is a painful condition and that Mrs. Keene had an antalgic gait due to the pain in her left leg. Dr. Morris also testified that when a patient favors one leg due to pain in the other, the muscles in the favored leg begin to atrophy or waste away. In fact, Dr. Morris went so far as to say that "[o]ne of the things you will always see with a patient with avascular necrosis of the hip would be some atrophy of the thigh muscle. . . ." In the 1994 deposition, plaintiffs asked Dr. Morris if it was usual and ordinary for a person's leg to "give way" when the person's leg has some atrophying of the muscles, and Dr. Morris answered yes. At the end of Dr. Morris' 1994 deposition, he testified that the right hip break could have been the result of a fall and that all of his opinions were within a reasonable degree of medical certainty. Finally, plaintiffs pointed to portions of Dr. Harkess's deposition wherein he stated that the right femoral neck

fracture "was definitely the result of a fall" and that there was evidence of avascular necrosis in the left hip. Disregarding plaintiff's use of Mrs. Keene's testimony and reviewing the evidence in a light most favorable to plaintiffs, this court is of the opinion that plaintiffs have submitted sufficient evidence such that "a reasonable jury could legitimately resolve that fact in favor of one side or the other." Thus, plaintiffs established the existence of a genuine issue of material fact.

Therefore, it results that the judgment of the trial court is reversed, and the case is remanded to the trial court for a trial on the merits. Costs on appeal are taxed to the defendant/appellee, Cracker Barrel Old Country Store, Inc.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, J.

-10-