RONALD L. DAVIS,                    )
    Petitioner/Appellant,           )    Appeal No.
                                    )    01-A-01-9610-CH-00487
v.                                 )
                                    )
TENNESSEE DEPARTMENT OF             )    Chancery Court No.
CORRECTION and DONAL               )    96-304-II
CAMPBELL, Commissioner,             )
    Respondents/Appellees.          )

**FILED**

**February 21, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR



RONALD L. DAVIS, PRO SE
N.W.C.C.
Rt. 1 Box 660
Tiptonville, TN 38079



CHARLES W. BURSON
Attorney General and Reporter

BRENDA RHOTON LITTLE
Counsel for the State
Parker, Allen & Crawford
Suite 511, Cummins Station
209 10th Avenue, South
Nashville, Tennessee 37203
    ATTORNEY FOR RESPONDENTS/APPELLEES


AFFIRMED AND REMANDED


SAMUEL L. LEWIS, JUDGE

# OPINION

This is an appeal by petitioner/appellant, Ronald L. Davis, from the decision of the chancery court granting the motion for summary judgment filed by respondents/appellees, the Tennessee Department of Correction ("the Department") and Donal Campbell, Commissioner. The order resulted in the dismissal of Petitioner's petition for a declaratory judgment that the Department had incorrectly calculated Petitioner's release eligibility date and thereby violated the Ex Post Facto Clause of the United State Constitution. The facts out of which this matter arose are as follows.

In November 1982, a jury convicted Petitioner of aiding and abetting second degree murder, and the court sentenced him to ninety-nine years. The Department calculated Petitioner's release eligibility date to be November 2012. In March 1986, Petitioner signed a waiver allowing him to receive sentence credits. Petitioner received a sentence summary on 9 January 1992 which stated that his release eligibility date was 6 July 2010. On 15 May 1992, Petitioner received a second sentence summary which the Department generated using its new computer system. This summary listed Petitioner's release eligibility date as 17 September 2010.

Petitioner petitioned the Department for a declaratory order on 6 November 1995 and requested a correction of his release eligibility date. Respondents did not reply, and Petitioner filed his petition for a declaratory judgment in the Davidson County Chancery Court on 29 January 1996.[1] Petitioner asked the chancery court for the following relief: 1) declare the second sentence summary void and find that the second summary violates the Ex Post Facto Clause and the Due Process Clause; 2) order Respondents to correct the error; and 3) order a bench trial on all triable issues.

On 4 April 1996, Respondents filed a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure or, in the alternative, a motion for summary judgment and attached an affidavit. On 10 June 1996, the chancery court

---

[1] The Department finally responded by letter dated February 1996. The letter stated that the Department deemed Petitioner's request inappropriate and explained that an error had been made on the 9 January 1992 summary.

entered a memorandum and order granting Respondents' motion for summary judgment. It is the opinion of this court that the chancery court thoroughly examined the issues and came to the proper conclusion.

On appeal, we review a decision on a motion for summary judgment as if we were deciding the motion initially. *Clifton v. Bass*, 908 S.W.2d 205, 208 (Tenn. App. 1995). In other words, we too must determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). Moreover, this court has stated that the moving party "must produce or point out evidence in the record which, if uncontradicted, entitles [the moving party] to judgment as a matter of law." *Armes v. Hulett*, 843 S.W.2d 427, 429 (Tenn. App. 1992). If the non-moving party fails to contradict the evidence or establish that the moving party is not entitled to a judgment as a matter of law, the moving party shall prevail. *See id.*

There is one possible factual dispute in this case, i.e., which sentence summary listed the correct release eligibility date. Respondents provided evidence with their motion that the second sentence summary listed the correct date. This evidence consisted of an affidavit statement from Candace Whisman, Sentence Technician, Sentence Information Services, Tennessee Department of Corrections, that the summary dated 15 May 1992 listed the correct date and that the error was due to the Department's old computer system. Petitioner responded by filing all of the sentence summaries he received since 17 September 1986. These summaries clearly show that Petitioner's release eligibility date continued to move forward each time a report was generated until 15 May 1992. Nevertheless, it is the opinion of this court that this evidence does not contradict the evidence of Respondent that the 15 May 1992 summary contained the correct release eligibility date. Thus, there is no factual dispute as to which release eligibility date is correct.

The next determination is whether Respondents were entitled to a judgment as a matter of law. It is the opinion of this court that the chancellor correctly concluded that the law entitled Respondents to a judgment. It is Petitioner's contention that the recalculation of his release eligibility date violated the Ex Post Facto Clause. The United States Constitution Provides "[n]o state shall . . . pass any . . . ex post facto

Law." U.S. Const. art. I, § 10, cl. 1. An ex post facto law is "any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" ***Weaver v. Graham***, 450 U.S. 24, 28, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17, 22 (1981) (quoting ***Cummings v. Missouri***, 4 Wall. 277, 325-26, 18 L. Ed. 356 (1867)). A change in release eligibility dates only raises an ex post facto concern if its effect is "to impose a greater or more severe punishment than was proscribed by law at the time of the offense." ***Kaylor v. Bradley***, 912 S.W.2d 728, 732 (Tenn. App. 1995). In this case, there was no "law" to raise ex post facto concerns. Nevertheless, if we assumed that the error was the result of the application of a law, we would still conclude that it did not violate the Ex Post Facto Clause because it did not impose a greater or more severe punishment than was applicable to Petitioner in 1982.

Therefore, it results that the judgment of the chancery court is affirmed, and the cause is remanded to the chancery court for any further necessary proceedings. Costs on appeal are assessed against petitioner/appellant, Ronald L. Davis.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR, JUDGE