IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 13, 2004 Session

## BERNADETTE BENSON v. NATHAN BERRYMAN, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 300386 T.D.     James F. Russell, Judge**

_____

**No. W2004-00489-COA-R3-CV - Filed March 1, 2005**
_____

This appeal arises out of an action by Appellant for a claim of negligence.  After the close of Appellant's proof, Appellee moved for involuntary dismissal based on the lack of evidence concerning the actions of the emergency vehicle involved in the automobile accident.  The trial court granted the motion on this basis, and Appellant now seeks review by this Court.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Darrell J. O'Neal, Memphis, TN, for Appellant

J. Michael Fletcher, Memphis, TN, for Appellee City of Memphis

**OPINION**

**Facts and Procedural History**

On August 8, 1997, Bernadette Benson ("Benson" or "Appellant") was a passenger in a Hyundai Elantra driven by Tammie Corbett ("Corbett").  Benson and Corbett were heading north on Austin Peay Highway in Shelby County and approached an intersection with a red traffic light.  As the second vehicle stopped at the traffic light, they saw another car speed by them quickly, and Benson and Corbett heard a siren in the distance.  They both looked in all directions and saw no emergency vehicles.

The traffic light turned green, and the vehicle in front of Benson and Corbett proceeded through the intersection.  At this point, the siren sounded closer than when Benson and Corbett first heard it.  The vehicle in front, after starting through the intersection, began to slow down, and as a result, Benson and Corbett slowed down.  At that point, Benson and Corbett collided with a police

car that was passing through the intersection against a red traffic light. The air bags on the Hyundai Elantra deployed, and Benson was thrown forward and back. After the accident, Benson sought treatment from Baptist Central Hospital where she complained of pain in her knee, arm, back, and neck. She received further treatment from several doctors for the pain in her knee, back, and neck.

Benson originally filed a civil warrant in the Shelby County General Sessions Court against Nathan Berryman ("Officer Berryman"),[1] Corbett, the City of Memphis ("City"), Mayor Dr. W. W. Herenton ("Mayor Herenton"), and an unknown John Doe. After Benson's action was dismissed for want of prosecution, a consent order was entered whereby the parties agreed to set aside the dismissal. Subsequently, by consent order, Benson agreed to dismiss the complaint as to Officer Berryman and Mayor Herenton. After a judgment was rendered in favor of the remaining named defendants, Benson appealed the decision to the Shelby County Circuit Court. Again, a consent order was entered dismissing the complaint against Officer Berryman and Mayor Herenton. A hearing was held, and at the close of Benson's proof the City moved for a directed verdict.[2] The trial court granted the City's motion and dismissed Benson's claim. Benson now seeks review by this Court and presents the following issues for our review:

I. Whether the trial court erred when it granted the City's motion for involuntary dismissal when Benson made out a case for negligence by a preponderance of the evidence; and

II. Whether the trial court erred when it granted the City's motion for involuntary dismissal when Benson submitted sufficient circumstantial evidence of negligence under the theory of *res ipsa loquitur*.

For the following reasons, we affirm the decision of the trial court.

**Standard of Review**

This Court has previously stated the standard by which we review the grant of a motion for involuntary dismissal:

Motions for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02(2) require the courts to engage in an entirely different analysis. These motions do not raise questions of law but rather challenge the sufficiency of the plaintiff's proof.

---

[1] Although Benson alleges that Officer Berryman was driving the police car in question, Officer Berryman does not appear at any point in the trial transcript. However, he is named in a consent order, dismissing him as a party, as the operator of the police car involved in the accident at issue.

[2] We note that such motion is a mistaken characterization. A motion for directed verdict is appropriate for a jury trial. This case was a bench trial. We note, however, that the trial court properly treated the motion as a motion for involuntary dismissal under Rule 41.02 of the Tennessee Rules of Civil Procedure. *See Mosby v. Memphis Area Transit Auth.*, No. W2003-00451-COA-R3-CV, 2004 Tenn. App. LEXIS 328, at *9-10 (Tenn. Ct. App. May 19, 2004).

*Smith v. Inman Realty Co.*, 846 S.W.2d 819, 821 (Tenn. Ct. App. 1992); *Merriman v. Smith*, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). A claim may be dismissed pursuant to a Tenn. R. Civ. P. 41.02(2) motion to dismiss if, based on the law and the evidence, the plaintiff has failed to demonstrate a right to the relief it is seeking. *City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d at 740. Motions under Tenn. R. Civ. P. 41.02(2) require less certainty than motions for directed verdict. *Smith v. Inman Realty Co.*, 846 S.W.2d at 822. Thus, a court faced with a Tenn. R. Civ. P. 41.02(2) motion need only impartially weigh and evaluate the plaintiff's evidence just as it would after all the parties had concluded their cases and may dismiss the plaintiff's claims if the plaintiff has failed to make out a prima facie case by a preponderance of the evidence. *Thompson v. Adcox*, 63 S.W.3d 783, 791 (Tenn. Ct. App. 2001).

This court uses the familiar Tenn. R. App. P. 13(d) standard to review a trial court's disposition of a Tenn. R. Civ. P. 41.02(2) motion because the trial court has used the same reasoning to dispose of the motion that it would have used to make a final decision at the close of all the evidence. *College Grove Water Util. Dist. v. Bellenfant*, 670 S.W.2d 229, 231 (Tenn. Ct. App. 1984); *Nold v. Selmer Bank & Trust Co.*, 558 S.W.2d 442, 444 (Tenn. Ct. App. 1977). Thus, we must review the record on appeal *de novo* with a presumption that the trial court's findings are correct. We will affirm the trial court's decision unless the evidence preponderates against the trial court's factual determinations or unless the trial court has committed an error of law affecting the outcome of the case. *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Smith v. Inman Realty Co.*, 846 S.W.2d at 821. We give great weight to the trial court's assessment of the evidence because the trial court is in a much better position to evaluate the credibility of the witnesses. *Thompson v. Adcox*, 63 S.W.3d at 787.

*Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 520-21 (Tenn. Ct. App. 2002).

**Involuntary Dismissal**

Appellant first argues that the grant of an involuntary dismissal was inappropriate in this case because she successfully established all the elements of negligence. As an initial matter, we note that, in order to prove a negligence claim, a complainant must prove more than injury or damage, *Burton*, 129 S.W.3d at 522-23 (citing *Kilpatrick v. Bryant*, 868 S.W.2d 594, 599 (Tenn. 1993)), and negligence is not presumed from the mere fact of an accident or injury. *Lowery v. Franks*, No. 02A01-9612-CV-00304, 1997 Tenn. App. LEXIS 617, at *10-11 (Tenn. Ct. App. Sept. 10, 1997) (citing *Williams v. Jordan*, 346 S.W.2d 583, 586 (Tenn. 1961); *De Glopper v. Nashville Ry. & Light Co.*, 134 S.W. 609, 611 (Tenn. 1911); *Gunter v. Smith*, No. 03A01-9512-CV-00448, 1996 WL 283069, at *1 (Tenn. Ct. App. May 30, 1996); *Armes v. Hulett*, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992); *Nichols v. Smith*, 111 S.W.2d 911, 920 (Tenn. Ct. App. 1937)). To establish a claim of negligence, a plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct that falls below the applicable standard of care which amounts to a breach of that duty; (3)

an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *see also Lowery*, 1997 Tenn. App. LEXIS 617, at *10.

Appellants argue that the duty owed in this case is enumerated in Tenn. Code Ann. § 55-8-108(b)(1)(B) which states that "[a] driver of an authorized emergency vehicle operating such vehicle in accordance with the provisions of subsection (a) may: . . . [p]roceed past a red or stop signal or stop sign, *but only after slowing down* as may be necessary for safe operation . . . ." Tenn. Code Ann. § 55-8-108(b)(1)(B) (2004) (emphasis added). There appears to be no dispute that Appellant suffered injuries as a result of the accident on August 8, 1997. The dispute in this case arises over whether Appellant sufficiently proved the remaining three elements of breach of duty, cause in fact, and legal cause. In this case, Appellant presented no evidence that Officer Berryman failed to slow down when approaching the intersection. As Appellant testified, she did not see the police car until after the impact. (TE vol. 2, p. 24). Therefore, there is no evidence that Officer Berryman, acting in his capacity as a police officer, breached the duty of care. Further, Appellant stated that, despite hearing the siren on the police car grow more audible, Corbett proceeded into the intersection. (TE vol. 2, p. 7, 23). After reviewing the record, we cannot say that Appellant sufficiently established that Officer Berryman's actions were the cause in fact of Appellant's injuries.

Finally, we agree that Appellant failed to establish that Officer Berryman's actions were the legal cause of her injuries. "In Tennessee, proximate cause has been described as that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted." *Tenn. Trailways, Inc. v. Ervin*, 438 S.W.2d 733, 735 (Tenn. 1969) (citing *Southeastern Greyhound Lines, Inc. v. Groves*, 136 S.W.2d 512 (Tenn. 1940); *Deming & Co. v. Merchants' Cotton-Press & Storage Co.*, 17 S.W. 89 (Tenn. 1891)); *see also Mosby v. Memphis Area Transit Auth.*, No. W2003-00451-COA-R3-CV, 2004 Tenn. App. LEXIS 328, at *11 (Tenn. Ct. App. May 19, 2004). Again, Appellant presented no evidence of what Officer Berryman did when he approached the intersection, and, therefore, there is no evidence of an "act or omission" on the part of Officer Berryman that caused or failed to prevent injury. We note that the trial court, after hearing all of Appellant's proof, determined that Corbett, not Officer Berryman, was the proximate cause for the accident, and the evidence supports this determination. While there was no testimony concerning the actions of Officer Berryman, Appellant testified that Corbett proceeded into an intersection even though she heard an approaching siren from an emergency vehicle. Therefore, we cannot say that the trial court erred when it granted the City's motion for involuntary dismissal for want of establishing a breach of duty, causation in fact, or legal cause.

### *Res Ipsa Loquitur*

Finally, Appellant argues that negligence on the part of Officer Berryman may be inferred pursuant to the doctrine of *res ipsa loquitur*. This doctrine is one of evidence and not of substantive law. *Armes*, 843 S.W.2d at 432 (citing *Quinley v. Cocke*, 192 S.W.2d 992 (Tenn. 1946)). It allows a permissible, not compulsory, inference of negligence. *Id.* (citing *Scarbrough v. City of Lewisburg*, 504 S.W.2d 377 (Tenn. Ct. App. 1973)). Further, the doctrine permits an inference that a defendant

breached a duty owed to a plaintiff and that the defendant's conduct caused the plaintiff's injury. *Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 526 (Tenn. Ct. App. 2002). However, a plaintiff must still prove (1) defendant owed plaintiff a duty, (2) plaintiff suffered an injury, and (3) the defendant's conduct was the legal cause of plaintiff's injury. *Id.* Finally, a plaintiff relying on the doctrine of *res ipsa loquitur* need not prove specific acts of negligence, but the evidence must be sufficient to enable the fact-finder to conclude that the injury was caused, more probably than not, by the defendant's negligence rather than by any other cause. *Underwood v. HCA Health Servs. of Tenn., Inc.*, 892 S.W.2d 423, 426-27 (Tenn. Ct. App. 1994) (citing *Summit Hill Assocs. v. Knoxville Utils. Bd.*, 667 S.W.2d 91, 96 (Tenn. Ct. App. 1983); *Parker v. Warren*, 503 S.W.2d 938, 942 (Tenn. Ct. App. 1973); *Stinnett v. Wright*, 438 S.W.2d 357, 361 (Tenn. Ct. App. 1968); *Roberts v. Ray*, 322 S.W.2d 435, 437 (Tenn. Ct. App. 1958)).

As this Court has previously stated:

> The necessary requirements for application of the doctrine of *res ipsa loquitur* are:
>
> 1. There must be a "thing" causing an injury.
>
> 2. That "thing" must be under the exclusive management and control of the defendant or its servants.
>
> 3. The "thing" must be shown to be of such a nature that injury does not ordinarily result from its careful management.

*Armes*, 843 S.W.2d at 432-33.

As an initial matter, we note that *res ipsa loquitur* does not permit an inference of legal causation. In this case, because we agree with the trial court that Appellant failed to establish that Officer Berryman's actions were a legal cause of her injuries, the doctrine of *res ipsa loquitur*, even if applicable in this case, would not change the result. The grant of the City's motion for involuntary dismissal is still proper because Appellant failed to establish that Officer Berryman's actions, in his capacity as a police officer for the City, were the legal cause of Appellant's injuries.

Further, even if Appellant had established that Officer Berryman's actions were the legal cause of her injuries, we cannot say that the doctrine of *res ipsa loquitur* would apply to this case. Appellant's testimony establishes that she and Corbett heard a siren, the siren sounded as if it was coming closer, and Corbett and Benson entered an intersection where they were hit by a police car. There is no evidence of Officer Berryman's actions. The evidence in the record is insufficient to establish that Appellant's injury was caused, more probably than not, by Officer Berryman's and the City's negligence rather than by any other cause. Therefore, even if Appellant had established that Officer Berryman's actions were the legal cause of her injuries, the doctrine of *res ipsa loquitur*

would not apply in this case to prevent the trial court from granting the City's motion for involuntary dismissal.

## Conclusion

For the reasons stated above, we affirm the decision of the trial court. Costs of this appeal are taxed to the Appellant, Bernadette Benson, and her surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE