TENNESSEE TRAILWAYS, INC., Petitioner,

*v.*

JACK ERVIN, Administrator of the Estate of William M. Ervin, Deceased, Respondent.

438 S.W.2d 733.

(*Knoxville,* September Term, 1968.)

Opinion filed March 7, 1969.

Lucius H. Camp, Sparta, W. Cecil Anderson, Knoxville, for petitioner; Camp & Camp, Sparta, Anderson & Snepp, Knoxville, of counsel.

J. D. Lee, Madisonville, and William Mitchell, Sparta, for respondent.

Mr. Justice Creson delivered the opinion of the Court.

By petition for writ of certiorari heretofore granted, Tennessee Trailways, Inc. sought review in this Court of a judgment of the Court of Appeals, reversing a judgment of the Third Circuit Court of Knox County which was entered on directed verdict in favor of Tennessee Trailways, Inc. and which dismissed the cause.

The parties will be designated herein as they appeared in the trial court; that is, Jack Ervin as plaintiff and Tennessee Trailways, Inc. as defendant.

Plaintiff, administrator of the Estate of William M. Ervin, sued for the alleged wrongful death of his intestate in a traffic accident which occurred near Sparta, in White County, Tennessee.

The accident occurred on April 25, 1965, at the intersection of Highway 70-S and a private road which ran from an industrial installation to intersect Highway 70-S. Defendant's bus was proceeding north in a 65 mile-per-hour speed zone. Plaintiff's intestate was riding a motorcycle on the private roadway toward the intersection. He drove across Highway 70-S and into the right, or northbound, lane where he was struck and killed by defendant's bus.

Under the common law count, plaintiff's declaration alleged that defendant's driver failed (1) to keep a lookout ahead, (2) to keep the bus under proper control, and (3) to stop or alter the course of travel after he saw or, in the exercise of due care, should have seen, plaintiff's intestate's position of peril; and thus avoid collision with the motorcycle. In the statutory count, plaintiff's declaration further alleged violation of T.C.A. secs. 59-852, 824 and 858, in that defendant's driver exceeded the speed limit, followed too closely, and drove recklessly.

Defendant admitted occurrence of the accident at the time and place alleged, and that the bus driver was its regular employee. Defendant denied all plaintiff's other allegations and alleged both common law and statutory acts of negligence on the part of plaintiff's intestate.

The case was tried before a jury. Defendant moved for a directed verdict at the conclusion of plaintiff's proof, but the trial court did not rule on the motion at that time. The motion for directed verdict was renewed at the

conclusion of all the proof. It was sustained by the trial court; and by instruction of the court, the jury returned a verdict for the defendant. Upon this, the suit was dismissed.

The Court of Appeals concluded that the testimony of an expert witness created a disputed question of fact as to the speed of defendant's bus at the time of the accident. Because of this, that Court held that the trial court erred in directing a verdict for defendant where there was material and competent evidence supporting plaintiff's cause of action. The judgment of the trial court was reversed and the cause remanded for new trial.

In this Court, defendant files one assignment of error:

"It was error for the Court of Appeals to sustain plaintiff's Assignment of Error made in that Court to the effect that evidence existed favorable to the plaintiff about which minds of reasonable men would disagree."

Plaintiff's proof relevant to the question of the propriety of the directed verdict consists of the testimony of four witnesses. Three of these witnesses are relatives of plaintiff's intestate. They testified that, upon visiting the scene of the collision on the day following the accident, they observed and measured black skid marks in the northbound lane of Highway 70-S. They testified that the skid marks were 81 steps, or approximately 243 feet in overall length.

The fourth witness was Professor E. A. Whitehurst. This gentleman, by request, examined the premises many months after occurrence of the accident, for the purpose of testifying. He stated that, as Associate Director of the Tennessee Highway Research Program, he had studied the skidding of vehicles on various surfaces and

under varying weather conditions. He further testified that such studies reveal the possibility of calculating the unknown speed of a skidding vehicle if other factors are known. In the instant case, employing such factors as (1) the per cent of the grade of the road, (2) the coefficient of friction, and (3) the length of the skid marks measured by plaintiff's other witnesses, Professor White-hurst calculated the speed of the bus to have been 73.5 miles per hour.

Defendant's witnesses, the driver of the bus, passengers on the bus and the driver of a car following the bus, all testified that the bus was traveling at a speed less than 65 miles per hour. A tachograph, a registering tachometer or speed counter, was attached to the bus and was operating at the time of the accident. That device recorded the speed of the bus at 63 miles per hour.

Passengers on defendant's bus further testified that plaintiff's intestate "spurted" out on the highway and that his entry onto the highway was "sudden" and "right in front of" the bus. No evidence to the contrary was offered.

Resolution of this case demands that the conflicting views asserted be placed in perspective. The question argued comes to this Court in terms of the propriety or impropriety of the verdict directed by the trial court. However, whether the directed verdict was or was not error can be determined only by examination and solution of an underlying question. That question is what causal significance did any unlawful speed of defendant's bus bear to the collision.

■ Recovery in a negligence action may be had by plaintiff only if the defendant's conduct can be shown to

be (1) negligence, and (2) proximate cause of the injury. See *Lancaster v. Montesi* (1965), 216 Tenn. 50, 390 S.W.2d 217:

"One's first inquiry, in analyzing a situation such as is before us, is whether the alleged acts of defendant were a cause in fact of the injury. 'If that inquiry shows that defendant's conduct, in point of fact was not a factor in causing plaintiff's damage, that ends the matter. But if it shows his conduct was a factor in causing plaintiff's damage, then the further question is whether his conduct played such a part in causing the damage as makes him in the eye of the law the author of such damage and liable therefor.' *Carney v. Goodman*, 38 Tenn.App. 55, 61, 270 S.W.2d 572, 575 (1954)."

It is the second requirement for recovery, the requisite proximate cause, which has occasioned recurrent litigation and commensurate judicial inquiry.

█ In Tennessee, proximate cause has been described as that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted. See *Deming & Co. v. Merchants' Cotton-Press, etc. Co.* (1891), 90 Tenn. 306, 17 S.W. 89; *Southeastern Greyhound Lines, Inc. v. Groves* (1940), 175 Tenn. 584, 136 S.W.2d 512, 127 A.L.R. 1378.

█ The record in the instant case leaves no doubt but that plaintiff's intestate rode his motorcycle up to the intersection, either hesitated or stopped, and, with the bus in unobstructed view, suddenly and abruptly crossed the highway into the northbound lane to the point of col-

lision. It becomes too clear for argument that the asserted differential in the bus' speed simply could not be a realistic proximate cause of the accident. In the fact of uncontroverted testimony showing that plaintiff's intestate suddenly rode into the path of the oncoming bus, whether defendant's bus was traveling at 73.5 or at 63 miles per hour becomes insignificant. It is plain that the immediate cause of the collision was not the speed of the bus; but apparently the sudden and heedless entry of plaintiff's intestate onto the north side of the highway.

Plaintiff's declaration and proof attempt to make out that defendant's bus driver was guilty of violation of three statutory provisions and, hence, guilty of negligence per se.

█ In Tennessee, it has been long established that failure to perform a statutory duty is negligence per se. See *Wise & Co. v. Morgan* (1898), 101 Tenn. 273, 48 S.W. 971. However, this rule in no wise dilutes the requirement that for the plaintiff to recover in a negligence action, the defendant's per se negligent act must be shown to have been a proximate cause of the injury. See *Biggert v. Memphis Power & Light Co., et al.* (1935), 168 Tenn. 638, 80 S.W.2d 90.

The Court of Appeals has held that the directed verdict for the defendant was error because there was material evidence favorable to plaintiff which supported the cause of action asserted.

It is clear that if the speed of the bus at the time of the accident had been in point of fact an element of the question of proximate cause, a disputed question of fact requiring submission of the case to a jury might have been posed. Ordinarily, the question of proximate cause

falls within the province of the jury; but where, as in the instant case, the facts of the case most favorable to plaintiff's theory are accepted, it still remains clear that reasonable minds could not differ as to causation, the question then becomes one for the trial court. See *Chattanooga Light & Power Co. v. Hodges* (1902), 109 Tenn. 331, 70 S.W. 616 and *Illinois Cent. R. Co., et al. v. Nichols* (1938), 173 Tenn. 602, 118 S.W.2d 213. See also, *Southeastern Greyhound Lines, Inc. v. Groves,* supra.

In our opinion, such is the instant case; and the only conclusion that can be reasonably arrived at is that whatever unlawful degree of speed defendant could be found guilty of could have no legal bearing on the cause of this tragic accident.

Thus, it results that the judgment of the Court of Appeals must be, and is, reversed; and that of the trial court affirmed. Costs shall be taxed to the respondent.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.