IRVING COMBS, Individually and Brian W. Combs, by next friend, Irving Combs, Appellants, v. MARY ELLEN ROGERS, Appellee. —450 S.W.2d 605.

Western Section. October 16, 1969.

Certiorari Denied by Supreme Court February 16, 1970.

690

Thomas A. Buford, Memphis, for appellants.

John J. Howard, Jr., and J. Minor Tait, Jr., Memphis, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, of counsel, for appellee.

MATHERNE, J. Plaintiff Brian Combs, a minor, sued through his father, Irving Combs, as next friend for damages due to personal injuries received when a motorbike he was driving collided with the automobile of defendant Mary Ellen Rogers. Irving Combs sued for loss of services of his son, and for medical and other expenses he incurred.

At the conclusion of all the proof the Trial Judge directed a verdict in favor of the defendant, and dismissed the suits. Plaintiffs on appeal in error claim the Trial Judge erred in directing the verdict.

The accident happened on Shelby Drive in Shelby County, Tennessee where this road is intersected by a private driveway from Bishop Byrne High School. Shelby Drive extends east and west at the scene and is intersected from the south by the high school driveway. The driveway slopes down to Shelby Drive. This driveway leads to a blacktopped parking lot on the school ground. This parking lot is so elevated and located back from Shelby Drive that children in the parking lot are not visible to motorists driving along Shelby Drive. At the time of the accident Shelby Drive was a two lane blacktop surfaced road with a white center line. It was humped in the middle, without curbs and gutters, and was about twenty-two feet wide. There are signs posted on this road at the scene of the accident: "15 Miles Per Hour when children are present."

The accident occurred at about 4:30 to 4:45 p.m. at which time students had been dismissed from school for about one and three-quarter hours. Plaintiff Brian Combs was in the parking lot on the school ground with other students waiting for the track coach to take them

home. Plaintiff obtained permission from another student, Ralph Teague, to ride his motorbike in the parking lot. A student named David Mitchell got on the back of the motorbike. Instead of riding in the parking lot plaintiff drove the motorbike across the parking lot, down the driveway onto Shelby Drive where the collision occurred.

The plaintiff Brian Combs was so seriously injured in the collision that he was still in a coma on the day of the trial. His physician testified that this condition is permanent, and that this plaintiff will remain in a coma for the remainder of his life. Brian Combs was fifteen years of age at the time of the accident.

The defendant testified that on the occasion of the accident she was traveling west on Shelby Drive. This party stated that she passed the School twice each day going to and from work; that in the mornings there were cars and children present and a uniformed county police woman was there; in the afternoon however there were seldom any children in sight. There were no children visible from her position on the day of the accident. Defendant stated she was on her proper side of the road, the north side, and she did not see the motorbike until it struck her car. The motorbike struck the left front fender of her car crimping the fender down on the left front tire. The defendant does not recall traffic to her rear or front and neither does she recall meeting traffic at the scene of the accident. The defendant stated the length of the school driveway from the school parking lot to Shelby Drive to be three or four car lengths.

David Mitchell, the passenger on the rear of the motorbike, testified that as Brian Combs drove down the sloping driveway toward Shelby Drive he, Combs', was

"pawing" with his right foot in an apparent effort to apply the brakes of the motorbike; that the front wheel of the motorbike was "wobbling"; that he, Mitchell, thought they would turn over; and that he, Mitchell, thought they were going to hit an east bound car on Shelby Drive. This witness stated that they missed the east bound vehicle and entered Shelby Drive at an angle to the right as it was Combs' intention to turn right on Shelby Drive. David Mitchell stated that he recalled the motorbike reaching the white center line in the road, traveling at an angle across the eastbound traffic lane, and he saw the Rogers vehicle just as they hit it.

Ralph Teague the owner of the motorbike testified that the motorbike was traveling 25 miles per hour when it left the parking lot and started down the sloping driveway toward Shelby Drive.

Mrs. Grace Porter testified that she was traveling east on Shelby Drive about 100 yards behind another vehicle traveling east. She saw the motorbike enter Shelby Drive behind the other car and turn right or eastwardly. This witness saw defendant's vehicle approaching in the opposite direction. At all times that she observed defendant's vehicle it was on its proper side of the road. This witness seemed to imply that she did not see the actual collision. She stated the drive of the motorbike down the school driveway and onto Shelby Drive appeared normal to her. This witness stated there were no children visible in the vicinity of the school.

The deputy sheriff who investigated the accident found debris from the motorbike and gouge marks in the blacktop surface about two feet north of the white center line.

The rule is well settled that in considering defendant's motion for a directed verdict this Court must look to all the evidence, take as true the evidence favoring the plaintiff, discard all countervailing evidence, take the strongest legitimate view of the evidence for the plaintiff, allow all reasonable inferences therefrom; and if there is any dispute as to any material determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. Smith v. Sloan (1949) 189 Tenn. 368, 225 S.W.2d 539, 227, S.W.2d 2.

■■ The happening of an accident which results in injury to a person does not of itself constitute actionable negligence. Williams v. Jordan (1961) 208 Tenn. 456, 346 S.W.2d 583. Recovery in a negligence action may be had by the plaintiff only if the defendant's conduct can be shown to be (1) negligence, and (2) the proximate cause of the injury. Tennessee Trailways, Inc. v. Ervin (1969) 222 Tenn. 523, 438 S.W.2d 733.

■■ The plaintiffs insist that Mrs. Rogers was guilty of negligence in that she failed to keep a proper lookout. This is a duty owing by a motorist and a breach thereof resulting in injury to another will constitute negligence. However, the requirement as to proper lookout is that of ordinary care, that is, the driver is required to keep only such lookout as an ordinary prudent person would have kept under the same or similar circumstances. Coleman v. Byrnes (1950) 34 Tenn.App. 680, 242 S.W.2d 85; Nash v. Love (1969) 50 Tenn.App. 273, 440 S.W.2d 593.

■ The facts establish that the defendant was meeting oncoming traffic at the driveway down which the plaintiff drove the motorbike. It is undisputed that young Combs almost hit an east bound automobile upon entering

Shelby Drive; that he angled right on Shelby Drive immediately behind the east bound car, crossed the east bound lane of traffic and collided with the defendant's vehicle which was traveling west on Shelby Drive. It cannot be inferred that the defendant was guilty of improper lookout under the circumstances because of her admission that she did not see the motorbike until it struck her automobile. The sudden appearance of the motorbike from behind the oncoming vehicle, traveling at a proven high rate of speed, and undisputedly out of control, is not what an ordinarily prudent person would be on the lookout for under the circumstances then existing.

Plaintiffs insist that Mrs. Rogers knew this was a school zone and that she was therefore under duty to be on lookout for children and especially on lookout for children entering Shelby Drive from the school driveway. Again we must apply the test of ordinary care as above stated. The accident happened approximately one and three quarter hours after the dismissal of school, and there were no children visible from Shelby Drive. The standard of ordinary care under the circumstances would not require of the defendant the centering of her attention on the school driveway to the exclusion of other traffic.

Plaintiffs insist that the defendant was guilty of negligence per se in that she violated T.C.A. secs. 59-815 and 59-816 which statutes require vehicles to be driven on the right side of a roadway, and require vehicles proceeding in opposite directions to pass each other to the right. There is no evidence that Mrs. Rogers violated these statutes, and there is no evidence from which a violation may be inferred. The evidence is to the con-

trary in that the witness Mrs. Grace Porter testified that at all times she observed the defendant's car it was on its proper side of the road. Witness David Mitchell, the passenger on the rear of the motorbike, recalled getting to the white center line before the crash. The evidence of debris and scars on the highway indicate the collision occurred in the west bound lane. The plaintiffs rely on blood spots in the east bound lane, supposedly indicating where the boys fell after the impact, as proof the collision occurred in that lane. Considering the speed with which the motorbike struck the automobile and the tendency of any passenger on the motorbike to be thrown therefrom, it would be mere speculation to assume the accident happened on the east bound lane because one or both of the boys riding the motorbike were thrown or knocked to that location.

Plaintiffs insist that the speed at which defendant was traveling was excessive and that the excessive speed directly and proximately contributed to the collision. The defendant was not asked her speed. After the collision the motorbike was located forty-five feet east of the point of impact in the center of the east bound lane of traffic. The location of the defendant's car after the collision in relation to the point of impact is not established. There is no evidence as to skidmarks however the defendant stated she stopped as quickly as she could. To infer excessive speed on the part of the defendant from the one fact that the motorbike was forty-five feet from the point of impact would be mere speculation. Considering the speed of the motorbike we could not say but that it would have been knocked to its location after the collision had the defendant's car been standing still at the time of impact.

We conclude reasonable minds could not differ on the fact that the evidence failed to establish negligence on the part of the defendant. In the absence of negligence on the part of the defendant the plaintiff has no cause of action and the motion for directed verdict was properly granted by the Trial Judge.

It results that the plaintiffs' Assignment of Error is overruled. The judgment of the Trial Court is affirmed and cost is adjudged against the plaintiffs.

Carney and Taylor, JJ., concur.