John **BUDISELICH**, Appellant,

v.

Bruce M. **RIGSBY**, Appellee.

Court of Appeals of Tennessee,
Eastern Section.

June 25, 1982.

Permission to Appeal Denied by
Supreme Court Oct. 4, 1982.

Harry Berke of Berke, Berke & Berke, Chattanooga, for appellant.

David E. Harrison of Stringer & Grant, Chattanooga, for appellee.

## OPINION

PARROTT, Presiding Judge.

In this personal injury action growing out of an automobile wreck, the jury returned a verdict in favor of the defendant Rigsby and against the plaintiff Budiselich. Plaintiff has appealed from the action of the circuit judge in overruling his motion for new trial and entering judgment in accord with the jury's verdict.

In this appeal it is insisted it was error to grant defendant's motion to amend including an averment of plaintiff's reckless driving after the close of the proof and arguments of counsel; it was error to charge the jury on the averment of plaintiff's reckless driving; and that the jury was not properly charged regarding contributory and gross contributory negligence.

On August 15, 1980, in the late afternoon, plaintiff's automobile and defendant's pickup truck collided at the intersection of St. Elmo Avenue and Ochs Highway. The defendant was traveling south on St. Elmo Avenue and the plaintiff had stopped on Ochs Highway where it intersects with St. Elmo. The plaintiff charged the defendant with operating his vehicle at a high rate of speed; failure to keep a lookout ahead and control; operating his vehicle under the influence of an intoxicant; and that defendant was guilty of reckless driving.

The defendant denied any common law or statutory negligence and insisted that the accident was proximately caused by the plaintiff's negligence.

The proof presented to the jury shows that plaintiff stopped at St. Elmo Avenue after pulling his new Lincoln automobile three-fourths of the way into the outside lane of St. Elmo Avenue. Two disinterested witnesses—one that was following plaintiff and one who was in front of defendant —testified. The witness traveling south on St. Elmo in front of defendant said he observed the collision in his rearview mirror and was alerted to plaintiff because he had

to pull to the left lane to get around him. It was his testimony that plaintiff drove his automobile in the path of defendant's pickup truck when the truck was only 10 feet away. Plaintiff admits that he saw defendant's truck before he proceeded to cross St. Elmo Avenue. The other disinterested witness who was traveling behind plaintiff's automobile testified that he saw the defendant's truck coming and that plaintiff did not turn his head to the left or right but "very very quickly" pulled in front of defendant. There was testimony placing defendant's speed between 30 and 50 miles per hour. Also there was no evidence of any skid marks or that either driver applied his brakes. There was proof introduced that the defendant, a short time before the accident, had had three or four drinks and had a blood alcohol content of .19. Also, it was introduced into evidence that the defendant had pled guilty to the charge of driving under the influence of an intoxicant.

It has often been said that in the review of a judgment based on a jury verdict, the appellate courts do not weigh the evidence or decide where the preponderance lies, but merely determine whether there is material evidence to support the verdict. *City of Chattanooga v. Rogers,* 201 Tenn. 403, 299 S.W.2d 660 (1956); *Dorrity v. Mann,* 43 Tenn.App. 554, 310 S.W.2d 191 (1957).

In determining if there is material evidence to support the verdict, we are required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict. *D. M. Rose & Co. v. Snyder,* 185 Tenn. 499, 206 S.W.2d 897 (1947). If there is any material evidence to support the verdict, it must be affirmed. *City of Chattanooga v. Ballew,* 49 Tenn.App. 310, 354 S.W.2d 806 (1961), and numerous cases there cited.

As we see the proof, there is material credible evidence from which a jury could infer that the proximate cause of the accident was the negligence of the plaintiff in pulling suddenly into the path of defendant's pickup truck. In at least two reported cases, *Tennessee Trailways, Inc. v. Ervin,* 222 Tenn. 523, 438 S.W.2d 733 (1969), and *Garrett v. McConkey,* 62 Tenn.App. 591, 466 S.W.2d 498 (1971), it was held that a vehicle which suddenly and without warning crossed the highway into the lane occupied by a bus which was traveling at an excessive rate of speed, the bus driver's illegal act was not the proximate cause of the accident. In each case the appellate court directed a verdict in favor of the defendant.

We turn now to appellant's insistence that it was error to permit defendant's amendment averring reckless driving. We find no reported case finding a person guilty of reckless driving who suddenly and without warning pulls into a thoroughfare from a stopped position. However, we think a jury or trier of fact could find that one who suddenly and without warning pulls into the path of an approaching vehicle could be guilty of reckless driving.

As to the amendment itself, since the adoption of the Rules of Civil Procedure, our courts have taken a very liberal position on allowing amendments. In fact, amendments may be allowed at any stage in the proceedings when justice so requires. *Branch v. Warren,* 527 S.W.2d 89 (Tenn. 1975). Also, Rule 15.02, Tennessee Rules of Civil Procedure, requires that the pleadings shall conform to the proof with or without an amendment. Thus, being of the opinion that there was evidence of plaintiff's reckless driving, we find the amendment was proper and the court's charge of reckless driving was also proper.

Lastly, it is insisted that the court erred in its charge in regard to plaintiff's contributory negligence and/or gross negligence. Plaintiff argues that the jury reported that it found contributory negligence and that such is no defense to gross negligence or when one is driving an automobile intoxicated. Driving while drunk is an action *malum in se* and constitutes gross negligence. Ordinary negligence does not bar a recovery when the other party is guilty of gross negligence. *Stinson v. Dan-*

*iel,* 220 Tenn. 70, 414 S.W.2d 7 (1969); *Brown v. Barber,* 26 Tenn.App. 534, 174 S.W.2d 298 (1943). Appellant does not fully set out the court's charge in his brief, but a reading of the charge shows the court clearly and carefully charged the jury in regard to contributory, remote contributory, ordinary, and gross negligence. The verdict returned by the jury was a general verdict and the fact that the foreman reported "we find contributory negligence and that would be in favor of the defendant" does not mean to us that its verdict was based solely on a finding of plaintiff's ordinary contributory negligence. From the evidence, as we have already stated, the jury could have found it was plaintiff's negligence that proximately caused the accident notwithstanding that the defendant was driving a vehicle under the influence of alcohol. In this case, plaintiff has proved the defendant negligent but there is material evidence from which the jury could infer that defendant's negligence was not the proximate cause of the injury. For a plaintiff to recover it must be shown that the defendant was negligent and that such was the proximate cause of the injury. *Lancaster v. Montesi,* 216 Tenn. 50, 390 S.W.2d 217 (1965).

Thus it results the judgment as entered is affirmed with costs taxed to appellant.

GODDARD and FRANKS, JJ., concur.