# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES M. LOWERY, for himself and )
the use and benefit of his sister, )
LINDA LANEY, in the death of )
his father, JAMES G. LOWERY, )
         )
    Plaintiff/Appellant, ) Madison Circuit No. C-95-328
         )
VS. ) Appeal No. 02A01-9612-CV-00304
         )
GARY AND EMILY FRANKS, )
         )
    Defendants/Appellees. )

APPEAL FROM THE CIRCUIT COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE
THE HONORABLE FRANKLIN MURCHISON, JUDGE

**HAROLD R. GUNN**
Humboldt, Tennessee
Attorney for Appellant

**CLINTON V. BUTLER, JR.**
**PATRICK W. ROGERS**
**RAINEY, KIZER, BUTLER, REVIERE & BELL, P.L.C.**
Jackson, Tennessee
Attorneys for Appellees

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

In this wrongful death action, Plaintiffs, James Lowery and Linda Laney, filed suit

against Defendants, Gary and Emily Franks, for the wrongful death of their father, James Lowery ("Decedent"), which occurred after Decedent was struck by Defendants' vehicle. In their complaint, Plaintiffs allege that Defendant, Emily Franks, the driver of the vehicle, is liable for common law and statutory negligence which was the direct and proximate cause of Decedent's death. Plaintiffs premise their suit against Defendant, Gary Franks, upon the family purpose doctrine. Plaintiffs allege that Defendant, Gary Franks, was the owner of the vehicle driven by Emily Franks at the time of the accident, that the vehicle was maintained for the use of the family, and that Defendant, Emily Franks, was entrusted with the vehicle in accordance with the family purpose doctrine. Defendants filed an answer denying their negligence and asserting that the negligence of the Decedent was the proximate cause of the accident. Defendants thereafter filed a motion for summary judgment. The trial court granted the Defendants' motion for summary judgment holding that there was no evidence of negligence which could be attributed to the Defendant, Emily Franks, and, alternatively, if some fault could be attributed to the Defendant, Emily Franks, the negligence of the Decedent equaled or exceeded fifty percent of the total fault attributable to the parties. Plaintiffs appeal the judgment of the trial court arguing that the trial court erred in granting summary judgment in favor of the Defendants. For the reasons stated hereafter, we affirm the judgment of the trial court.

**FACTS**

On December 17, 1994 at approximately 6:00 p.m., Decedent was struck by a 1987 Chevrolet van driven by the Defendant, Emily Franks ("Defendant"). Defendant's van was traveling northbound on Highway 45, and Decedent was walking in a southerly direction adjacent to the northbound lane of Highway 45.

At the time of the accident, it was dark outside. No street lights lit the area where the accident occurred. There were no warning lights, flashing lights or traffic lights near the area of the accident. Defendant's headlights were on and working properly at the time. Decedent was wearing dark clothing at the time of impact.

2

The posted speed limit was 45 miles per hour. In an affidavit, Defendant testified that she was traveling at approximately 40 miles per hour at the time of the accident. The area where the accident occurred was flat, level and smooth. The street was dry.

Defendant testified that at all times prior to the point of impact, she was traveling within her lane of traffic. Defendant did not veer outside of her lane of traffic either to the right or to the left. Defendant testified that at all times prior to the accident she was paying full and complete attention to the road ahead and that at no time prior to the impact did she see any person or obstruction in the roadway. Defendant further stated that she did not veer from her traffic lane and hit the Decedent; rather, the Decedent walked into her traffic lane while she was driving in her lane.

One eyewitness to the accident, Phillip Rushing ("Rushing"), testified that he was traveling southbound on Highway 45 at the time of the accident. As Rushing's vehicle traveled past Defendant's van on Highway 45, Rushing saw the Defendant's van's reflectors fly upward into the air. Rushing later discovered that the reason the Defendant's van's reflectors flew upward into the air was the result of Decedent's impact with Defendant's van. After witnessing the accident, Rushing stopped his vehicle at the accident scene.

Corroborating the testimony of the Defendant, Rushing stated that there were no street lights, warning lights, flashing lights or traffic lights in the area where the accident occurred. Based upon his observation of Defendant's vehicle, Rushing estimated that Defendant's van was traveling at approximately forty miles per hour and that Defendant did not veer outside of her lane of traffic at any time prior to impact. Rushing further testified that he was paying full and complete attention to the road ahead and that at no time prior to impact did he see any person or obstruction in the roadway. Rushing stated that the Defendant did not veer outside of her lane of traffic and hit the Decedent; rather, the Decedent walked into the path of the Defendant's van while the Defendant was driving in her lane. Rushing testified that the Defendant was not driving in a careless, reckless or

3

negligent manner and that there was nothing that the Defendant could have done to avoid this accident.

## LAW

The two issues before this Court are as follows:

1) Whether the trial court erred in granting summary judgment in favor of the Defendants; and

2) Whether the Plaintiff failed to properly perfect his appeal by failing to serve a copy of his notice of appeal upon the clerk of the Court of Appeals as required by T. R. A. P. 5.

The standards governing our review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991); Foley v. St. Thomas Hosp., 906 S.W.2d 448, 452 (Tenn. Ct. App. 1995); Brenner v. Textron Aerostructures, A Division of Textron, Inc., 874 S.W.2d 579, 582 (Tenn. Ct. App. 1993). Tennessee Rule of Civil Procedure 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Carvell, 900 S.W.2d at 26; Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that the motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).

While the summary judgment procedure is not a substitute for trial, it goes to the merits of a case and should not be ignored or treated lightly. Byrd, 847 S.W.2d at 210; Jones v. Home Indem. Ins. Co., 651 S.W.2d 213, 214 (Tenn. 1983); Fowler v. Happy Goodman Family, 575 S.W.2d 496, 498 (Tenn. 1978); Foley, 906 S.W.2d at 452; Ferguson

4

v. Tomerlin, 656 S.W.2d 378, 382 (Tenn. Ct. App.1983). Tenn.R.Civ.P. 56.05 warns the opponent of a summary judgment motion not to "rest upon the mere allegations or denials of his pleadings." When faced with a motion for summary judgment, a party should respond by affidavit or by otherwise setting forth facts showing that there is a genuine issue of fact.

It has been repeatedly stated by the appellate courts of this state that the purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed factual issues or the determination of conflicting inferences reasonably to be drawn from the facts. Bellamy v. Federal Express Corp., 749 S.W.2d 31, 33 (Tenn. 1988). Rather, the purpose of summary judgment is to resolve controlling issues of law. Id.

In evaluating the propriety of a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. A motion for summary judgment should only be granted when both the facts and the conclusions drawn from the facts permit a reasonable person to reach only one conclusion. Id.

Tenn. R. Civ. P. 56.05 provides in pertinent part as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In Byrd v. Hall, 847 S.W.2d 208, 211 (Tenn. 1993), the supreme court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. Fowler v. Happy Goodman Family, 575 S.W.2d 496, 498 (Tenn.1978); Merritt v. Wilson Cty. Bd. of Zoning Appeals, 656 S.W.2d 846, 859 (Tenn.App.1983). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment ... shall be entered against him." Rule

5

56.05.

In addressing when entry of an order of summary judgment is appropriate, this Court stated:

> Under Rule 56.03, upon motion, summary judgment shall be entered against a party who failed to make a showing sufficient to establish the existence of an essential element to that party's case and on which the party will bear the burden of proof at trial. If the non-moving party fails to establish the existence of an essential element, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex Corp. v. Catrett, --- U.S. ----, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Moman v. Walden, 719 S.W.2d 531, 533 (Tenn. Ct. App. 1986). Similarly, in Owen v. Stanley, 739 S.W.2d 782, 787 (Tenn. Ct. App. 1987), we stated:

> A motion for summary judgment can put the plaintiff's case to the test. After a plaintiff has been given a reasonable opportunity to substantiate its claims, a summary judgment may be entered if the plaintiff has failed to establish an essential element of his case on which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, ----, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Moman v. Walden, 719 S.W.2d 531, 533 (Tenn. Ct. App.1986).

In order to prevail in an action based upon negligence, a plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995); Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993); McClenahan v. Cooley, 806 S.W.2d 767, 774 (Tenn. 1991); Lindsey v. Miami Development Corp., 689 S.W.2d 856, 858 (Tenn. 1985). Recovery in a negligence action may occur only if the plaintiff can show that the defendant's conduct was negligent and was the proximate cause of plaintiff's injury. Tennessee Trailways, Inc. v. Ervin, 438 S.W.2d 733, 735 (Tenn. 1969); Lancaster v. Montesi, 390 S.W.2d 217, 220 (Tenn. 1965). Tennessee courts have repeatedly stated that negligence is not presumed from the mere fact of an accident or injury. Williams v. Jordan, 346 S.W.2d 583, 586 (Tenn. 1961); De Glopper v. Nashville Ry. & Light Co., 134 S.W. 609, 611 (Tenn. 1911); Gunter, 1996 WL 283069, at *1; Armes v.

6

Hulett, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992); Nichols v. Smith, 111 S.W.2d 911, 920 (Tenn. Ct. App. 1937).

In Tennessee, proximate cause has been defined as that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted. Ervin, 438 S.W.2d at 735; Southeastern Greyhound Lines, Inc. v. Groves, 136 S.W.2d 512, 515-16 (Tenn. 1940); Anderson v. Miller, 33 S.W. 615, 618 (Tenn. 1896); Postal Telegraph Cable Co. v. Zopfi, 24 S.W. 633, 634 (Tenn. 1894); Deming v. Merchants' Cotton-Press & Storage Co., 17 S.W. 89, 99 (Tenn. 1891). An actor's conduct will be considered the proximate or legal cause if the following three requirements are met. First, the actor's conduct must have been a substantial factor in bringing about the harm. Next, there must be no legal rule or policy that would operate to relieve the actor from liability. Finally, the harm that occurred must have been reasonably foreseeable by a person of ordinary intelligence and prudence. McClenahan, 806 S.W.2d at 775.

In Tennessee Trailways, Inc. v. Ervin, 438 S.W.2d 733 (Tenn. 1969), the Tennessee Supreme Court faced an issue similar to the one in the case at bar. In Ervin, plaintiff's decedent was riding a motorcycle on a private roadway toward an intersection. Plaintiff's decedent drove across Highway 70-S where he was struck and killed by defendant's bus. Plaintiff alleged that the defendant bus driver failed to keep a lookout ahead, failed to stop or alter his course of travel after he saw or, in the exercise of due care, should have seen, plaintiff's decedent in a position of peril, failed abide by the posted speed limit and failed to drive in a careful and prudent manner. The posted speed limit in the area where the accident occurred was sixty-five miles per hour. Plaintiff's expert testified that, according to his calculations, the defendant bus driver was traveling at a speed of 73.5 miles per hour at the time of impact. Id. at 734. The defendant's witnesses, which included the driver of the bus, passengers on the bus and the driver of a car following the bus, all testified that the bus was traveling at a speed less than sixty-five miles per hour. Id. Passengers on defendant's bus further testified that plaintiff's decedent "spurted" out onto the highway

7

"suddenly" and "right in front of the bus." Id. at 735. Plaintiff offered no evidence to the contrary. In affirming the trial court's grant of a directed verdict in favor of the defendant and in holding that the defendant bus driver's illegal conduct, if any, was not the proximate cause of the decedent's death, the supreme court stated:

> The record in the instant case leaves no doubt but that plaintiff's intestate rode his motorcycle up to the intersection, either hesitated or stopped, and, with the bus in unobstructed view, suddenly and abruptly crossed the highway into the northbound lane to the point of collision. It becomes too clear for argument that the asserted differential in the bus' speed simply could not be a realistic proximate cause of the accident. In the fact of uncontroverted testimony showing that plaintiff's intestate suddenly rode into the path of the oncoming bus, whether defendant's bus was traveling at 73.5 or at 63 miles per hour becomes insignificant. It is plain that the immediate cause of the collision was not the speed of the bus; but apparently the sudden and heedless entry of plaintiff's intestate onto the north side of the highway.

Ervin, 438 S.W.2d 735. See also Budiselich v. Rigsby, 639 S.W.2d 663 (Tenn. Ct. App. 1982) (holding that there was material evidence presented from which the jury could infer that plaintiff's negligence was the proximate cause of plaintiff's injuries wherein the proof showed that plaintiff drove his automobile into the path of defendant's pickup truck when the defendant's truck was only ten feet away); Combs v. Rogers, 450 S.W.2d 605 (Tenn. Ct. App. 1969) (affirming the trial court's grant of a directed verdict in favor of the defendant wherein the proof established that plaintiff's son failed to stop his motorbike at the end of a private driveway, lost control and drove onto Shelby Drive where he was struck by defendant's vehicle).

In Gunter v. Smith, No. 03A01-9512-CV-00448, 1996 WL 283069 (Tenn. Ct. App. 1996), plaintiff, the administrator of decedent's estate, sued for the wrongful death of decedent after decedent was struck and killed by an automobile driven by the defendant. Defendant was traveling south in his automobile in the outside lane of Congress Parkway on a dark, cloudy morning at approximately 6:30 a.m. The posted speed limit was forty-five miles per hour. As defendant approached an intersection traveling between thirty-five and forty miles per hour, the decedent appeared directly in front of defendant's vehicle in the middle of the right-hand southbound lane, approximately six feet or less from defendant's vehicle. During a period of time before 6:30 a.m., decedent consumed a substantial

8

amount of alcohol. At 8:00 a.m. on the morning of the accident, a blood sample taken from the decedent revealed that the decedent had a blood-alcohol rating of .17 percent. In holding that the negligence of the decedent was equal to or greater than any inferential negligence that could be attributed to the defendant, this Court stated:

> In the final analysis, if the [plaintiff] is entitled to recover for the death of the decedent under the circumstances present here, such recovery must necessarily be based on an inference that the defendant should have seen the decedent before the collision occurred. We do not believe that actionable negligence can be inferred from "the mere fact of the occurrence of injury alone." Williams v. Jordan, 346 S.W.2d 583, 586 (Tenn.App.1961). Eaton v. McLain, 891 S.W.2d 587, 590 (Tenn.1994) holds that the doctrine of comparative fault, McIntyre v. Balentine, 833 S.W.2d 52 (Tenn.1992), does not alter the standards which govern assessment of evidence based upon the negligence of a plaintiff, and we think the trial judge correctly held that reasonable minds could not differ as to the conclusion to be drawn in a light most favorable to the plaintiff that the negligence of the deceased was equal to or greater than any inferential negligence of the defendant.

Gunter, 1996 WL 283069, at *1.

In Johnson v. McCommon, No. 02A01-9502-CV-00029, 1996 WL 243895 (Tenn. Ct. App. 1996), an action was brought against defendant, Michael McCommon, and defendant, Memphis Light, Gas, and Water ("MLG&W"), for personal injuries sustained when defendant McCommon, an employee of MLG&W, struck plaintiff with his vehicle. Plaintiff's car stalled in the center lane of an interstate, and plaintiff was unable to start her vehicle. Plaintiff proceeded to get out of her vehicle in order to warn approaching motorists of the obstruction. Plaintiff testified that defendant's vehicle struck her as she emerged from her car with her back facing oncoming traffic. Id. at *1. Defendant McCommon, however, testified that he reduced his speed as soon as he saw the plaintiff and that he swerved into the median in order to avoid hitting her. Id. Defendant's testimony was corroborated by an eyewitness who testified that after the plaintiff got out of her car, she took "running steps" across the left lane of oncoming traffic. Id. The eyewitness testified that he saw defendant McCommon brake and swerve into the median in an attempt to avoid hitting the plaintiff. Id. In holding that the plaintiff's negligence was the proximate cause of her own injuries and that plaintiff was more than fifty percent responsible for her own injuries, this Court stated:

> [P]laintiff's act of emerging from her vehicle and stepping into

9

oncoming traffic was the proximate cause of her own injuries. Similarly, we do not find that the evidence preponderates against the trial court's determination that plaintiff was more than 50% responsible for her own injuries. In fact, we find very little evidence from the record that would support the conclusion that defendant was negligent in any respect.

Johnson, 1996 WL 243895, at *3.

Plaintiffs argue that the doctrine of *res ipsa loquitur* applies to the facts of this case. Plaintiffs contend that Defendant's automobile was controlled exclusively by the Defendant and that this accident would not have occurred but for the Defendant's negligence. The doctrine of *res ipsa loquitur* is one of evidence and not of substantive law. Quinley v. Cocke, 192 S.W.2d 992 (Tenn. 1946). It furnishes a permissible but not compulsory inference of negligence. Armes, 843 S.W.2d at 432; Scarbrough v. City of Lewisburg, 504 S.W.2d 377, 382 (Tenn. Ct. App. 1973).

Where the thing causing the harm is shown to be under the management of the defendant, and the accident is one which would not occur in the ordinary course of events if the defendant had exercised proper care, *res ipsa loquitur* allows reasonable evidence, in the absence of an explanation, that the accident arose from a lack of due care. Southeastern Aviation, Inc. v. Hurd, 355 S.W.2d 436, 446 (Tenn. 1962); Coca-Cola Bottling Works v. Sullivan, 158 S.W.2d 721, 726 (Tenn. 1942); Armes, 843 S.W.2d at 432.

The requisite elements necessary for application of the doctrine of *res ipsa loquitur* are:

> 1. There must be a "thing" causing an injury.
>
> 2. That "thing" must be under the exclusive management and control of the defendant or his servants.
>
> 3. The "thing" must be shown to be of such a nature that injury does not ordinarily result from its careful management.

Armes, 843 S.W.2d at 432-33.

In the instant case, Plaintiffs allege that the requisite "thing" necessary for application of the doctrine of *res ipsa loquitur* is Defendants' van which struck the

10

Decedent and allegedly caused his death. However, this accident is not of the type that would not ordinarily occur if the Defendant had exercised proper care. On the contrary, the affidavits of Defendant and Rushing reveal that the Decedent stepped into the path of Defendants' van as the Defendant was traveling in her lane of traffic. In addition, an automobile is not the type of "thing" which is of such a nature that injury does not ordinarily result from its careful management. We, therefore, conclude that the doctrine of *res ipsa loquitur* is inapplicable to the facts of this case.

In Nichols v. Smith, 111 S.W.2d 911 (Tenn. Ct. App. 1937), this Court addressed the same issue as in the case at bar. In Nichols, plaintiff sued for the wrongful death of a pedestrian who was struck by defendant's vehicle while crossing a street at an intersection. In affirming the trial court's order which directed a verdict for the defendants and dismissed plaintiff's suit, this Court stated that:

> An automobile is not a "dangerous instrumentality," as that term is used in the law of negligence. The rule of res ipsa loquitur is not applicable in this case.
> In order to justify the submission of a case of this character to the jury, over a motion of the defendant for a directed verdict, there must be some material evidence reasonably tending to support each and all of the three propositions, viz.: (1) A duty which the defendant owes to the plaintiff; (2) a negligent breach of that duty; and (3) injuries received thereby resulting approximately from such negligent breach of duty. De Glopper v. Nashville Railway & Light Co., 123 Tenn. 633, 642, 643, 134 S.W. 609, 33 L.R.A.,N.S., 913.
> It is argued for plaintiff that defendant Sam Henderson's admission, that he did not see the deceased until the latter was on the hood of the truck Henderson was driving, proves that he was not maintaining a proper lookout ahead. This would be a sound proposition if there were proof that [decedent] appeared in front of the truck at such distance and in such position that he could have been seen by Henderson if the latter was exercising proper vigilance (Louisville & N. Railroad Co. v. May, 5 Tenn.App. 100); but there is no such evidence. The first time and place the deceased was seen on the night of his death (so far as this record shows) he was on the top of the hood of defendants' truck. Whence he came or whither he intended to go does not appear. Any finding by the jury that the death of [decedent] was proximately caused by negligence of defendant Sam Henderson would necessarily be based on speculation and conjecture.

Id. at 917-18.

In the present case, the Defendants filed a motion for summary judgment and, in

11

support of such motion, the affidavits of the Defendant and Phillip Rushing. The affidavits of the Defendant and Rushing show that the Defendant was paying full and complete attention to the road ahead at all times prior to the accident, that at no time prior to the impact did the Defendant see any person or obstruction in the roadway, that the Defendant did not veer from her lane of traffic and hit the Decedent, and that the Decedent walked into the Defendant's lane of traffic while the Defendant was driving in her lane. The Plaintiffs, on the other hand, did not file any affidavit, deposition, interrogatories or any other materials in opposition to the Defendants' motion for summary judgment. Because the Plaintiffs have failed to set forth specific facts showing that there is a genuine issue of material fact for trial and have failed to show that Defendant's negligence was the proximate cause of Decedent's death, we agree with the trial court's finding that there was no evidence of negligence which could be attributed to the Defendant and that, even if some fault could be attributed to the Defendant, the negligence of the Decedent equaled or exceeded fifty percent of the total fault attributable to the parties. We, therefore, affirm the trial court's grant of summary judgment in favor of the Defendants.

Because of our disposition of the foregoing issue, it is not necessary to reach the second issue raised in this appeal.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to the Plaintiff for which execution may issue if necessary.

 

 

_____
                                             HIGHERS, J.

CONCUR:

_____
FARMER, J.

12

LILLARD, J.