# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

MARY ANN DOWDY, Parent and )
Next of Kin of STEVE DOWDY, )
Dec'd., and MARY ANN DOWDY, )
Individually; CATHY E. DOWDY, )
Parent and Next of Kin of ARGUSTA )
DOWDY, Dec'd., and CATHY E. )
DOWDY, Individually and )
EMMA DOWDY, )
)
    Plaintiffs/Appellees, ) Shelby Circuit  No. 23930 T.D.
)
VS. ) Appeal No. 02A01-9709-CV-00237
)
MYLES AND ARLENE WILSON, )
)
    Defendants/Appellants. )

FILED

December 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE JAMES F. RUSSELL, JUDGE

**RICHARD McFALL**
Memphis, Tennessee
Attorney for Appellant

**MARSHALL L. GERBER**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**____
_____Defendants-Appellants, Myles and Arlene Wilson, appeal the ruling of the trial court

which awarded Plaintiff-Appellee Mary Dowdy, as next of kin of the deceased, Steve Dowdy, and Plaintiff-Appellee Cathy Dowdy, as next of kin of the deceased, Argusta Dowdy, damages for the wrongful deaths of their children.

_____

### I. Factual and Procedural History

Plaintiff, Mary Ann Dowdy, is the natural mother and next of kin of the deceased, Steve Dowdy, who was ten months old at the time of his death. Plaintiff, Cathy E. Dowdy, is the natural mother and next of kin of the deceased, Argusta Dowdy, who was three years old at the time of his death. Plaintiff, Emma Dowdy, is the mother of the plaintiffs Mary and Cathy Dowdy. The Defendants, Myles and Arlene Wilson, were the owners of a duplex located at 1673-75 Ash Street in Memphis. Mary Dowdy lived in the duplex with her son (Steve Dowdy), her sister (Cathy Dowdy) and her sister's son (Argusta Dowdy). Mary and Cathy Dowdy each had other children than the ones who perished in the fire, who were the siblings of the deceased children.

On or about February 6, 1988, a fire occurred on the 1675 Ash side of the duplex resulting in the deaths of Steve and Argusta Dowdy. Emma Dowdy attempted to enter the burning dwelling to save the lives of her grandchildren.

The Dowdy sisters, as parents and next of kin, sued Defendant property owners for the wrongful death of their two minor children. In their individual capacities the Dowdy sisters sued for damages resulting from their own personal injuries allegedly received from the fire. The grandmother of the deceased children joined in the suit in her individual capacity to recover damages for personal injuries allegedly received in the fire.

The case was tried to the Court without a jury. At trial, the fire inspector stated that the cause of the fire was an open burning candle which the Dowdys had lit which caught the curtains on fire and subsequently burned the home. The trial court ruled that Mary and Cathy Dowdy were negligent by burning the candle and then going to bed without putting

2

out the candle and that their negligence was a proximate cause of the death of the minors.

The fire investigator also testified that during the course of his investigation he searched for a fire detector but could find none. He testified he looked for evidence of a smoke detector, including mounting brackets, screws and the like but found none. He also found no evidence of a smoke detector on the other side of the duplex. Mary and Cathy Dowdy testified that there was no smoke detector. However, the owner of the duplex, Myles Wilson, testified he had smoke detectors installed in both of his duplexes in September of 1987, prior to the Dowdys moving in. Mallory Montague identified the smoke detector installation contract for the subject duplex that burned and further testified that he personally installed a smoke detector in the subject duplex.

The trial court found that there were no smoke detectors in the subject duplex and, as such, Appellants were guilty of negligence per se. The trial court further found that the failure to provide a smoke detector was a proximate cause of the death of the minor children. The trial court ruled that Mary Dowdy and Cathy Dowdy were negligent which was equal to or greater than 50% (Mary 35%, Cathy 45%), and they were denied any individual recovery. However, Mary Dowdy and Cathy Dowdy, as non-party plaintiffs in their representative capacity, were awarded 20% of the damages for the wrongful deaths of their children, in the amounts of $14,060.00 and $13,654.00 respectively.

## II. Presence of Smoke Detector

The issue of the presence of a smoke detector on the premises was hotly contested at trial. Appellees Mary and Cathy Dowdy both testified that there was no smoke detector on the premises. Appellant Myles Wilson testified that he and his wife had smoke detectors installed in each of their duplexes in August and September of 1987. Myles Wilson further stated that the smoke detector at 1673 Ash had been tested when Mary Dowdy moved into the duplex and that it was working properly. Myles Wilson further testified that Mallory Montague installed the smoke detector on the premises.

3

Mallory Montague testified that he installed smoke detectors in all the duplexes owned by Mr. Wilson. He identified the smoke detector installation contract which listed 1673 Ash as one of the premises on which a smoke detector was to be installed.

Gerald Alsup, fire investigator for the Memphis Fire Department was assigned to investigate the fire in this case for possible arson and because there were fatalities involved. He testified that during the course of his investigation, he made a point of searching for a smoke detector, but could find none. He looked for evidence of the existence of a smoke detector that perhaps had been moved but could find no such evidence. He testified that he further searched for mounting brackets, screws, components, and the like, but could find no remnants anywhere. Gerald Alsup went on to testify that he then proceeded to check the other side of the duplex at the 1673 address for the same and found no smoke detector there either. Likewise, he found no evidence that one had ever been installed in that residence.

The trial court made a finding of fact that the premises had not been equipped with a smoke detector. Rule 13(d) of the Tennessee Rules of Appellate Procedure states as follows:

> Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise.

Additionally, because of the dispute among the witnesses, the trial judge had to assess the credibility of the parties. Such findings on review must be regarded as conclusive unless other real evidence compels a contrary conclusion. McReynolds v. Cherokee Ins. Co, 815 S.W.2d 208, 210 (Tenn. Ct. App. 1991); Airline Constr., Inc. v. Barr, 807 S.W.2d 247, 264 (Tenn. Ct. App. 1990).

Upon assessing the credibility of the parties, the trial judge chose to accept the testimony of the fire investigator. While there was other real evidence in the form of a contract for the installation of a smoke detector at the premises, this court does not believe

4

that such evidence compels a contrary conclusion. After hearing the testimony of the installer and all the other witnesses, the trial judge was free to conclude that although the contract called for the installation of the smoke detector, it was never actually installed. Where the trial judge has seen and heard the witnesses, especially if issues of credibility and weight to be given oral testimony are involved, considerable deference must be accorded those circumstances on review. Humphrey v. David Witherspoon, 734 S.W.2d 315 (Tenn. 1991). This Court accordingly affords great deference to the judgment of the trial court on this issue, and finds that the evidence does not compel a contrary conclusion.

Having found that the trial court did not err in finding that there was no smoke detector on the premises, Appellants' argument that they were not guilty of negligence per se is without merit.

### III. Proximate Cause

The trial court found that Appellants were guilty of negligence per se in not installing smoke detectors in the home which burned and that their negligence was a proximate cause of the minors' deaths. Appellants argue that the fire started by Appellees was an intervening and superseding cause which relieves them of liability. The fire investigator, Gerald Alsup, stated in his report and at trial that the cause of the fire was an open burning candle which the Dowdys had lit which caught the curtains on fire and subsequently burned the home. The trial court ruled that Appellees, Mary and Cathy Dowdy, were negligent by burning the candle and then going to bed without putting out the candle and that their negligence was a proximate cause of the fire. In fact, the trial judge ruled that Cathy Dowdy was 45% negligent and Mary Dowdy was 35% negligent, barring their individual recovery in this case.

Proximate cause is that act or omission which immediately causes or fails to prevent the plaintiff's injury; an act or omission occurring or concurring with another which, if it had not happened, injury would not have been inflicted. Solomon v. Hall, 767 S.W.2d 158

5

(Tenn. Ct. App. 1988); <u>Tennessee Trailways, Inc. v. Ervin</u>, 438 S.W.2d 733 (Tenn. 1969). The omission of the Appellants in failing to equip the home with a smoke detector clearly fits into this definition of proximate cause. This omission resulted in a failure to prevent the deaths of the Dowdy children.

While the negligence of the Dowdys was also a proximate cause of the deaths, the act or omission of the Wilsons concurred with the negligence of the Dowdys, to cause the deaths of the children. Clearly, the fire would have occurred regardless of the negligence of the Wilsons. However, absent the omission of the Wilsons, the Dowdys likely would have been awakened by the fire detector, and able safely to exit the home with their children. The negligence of the Wilsons was a proximate cause of the deaths of the Dowdy children.

This Court further believes that to hold the cause of the fire was a superseding act would circumvent the very purpose of smoke detectors. Smoke detectors will very rarely be the proximate cause of the fire itself. However, smoke detectors are created for the very purpose of providing an early warning to occupants of a dwelling in the event of a fire. Smoke detectors are required to be installed under Tennessee law not only to save the lives of those persons caught in a purely accidental fire, but rather to save *all* lives regardless of the origin of the fire.

### IV. Recovery for Wrongful Death by Negligent Parties

Appellants argue that the trial court erred in awarding a recovery for the wrongful death of the children when the sole beneficiaries were more than fifty percent (50%) negligent. The Appellees Mary and Cathy Dowdy sued as next of kin for the wrongful death of their respective children. The trial court apportioned fault as follows:

| | |
|---|---|
| Steve Dowdy, a minor | 0% |
| Argusta Dowdy, a minor | 0% |

6

| Mary Ann Dowdy | 35% |
| Cathy Dowdy | 45% |
| Myles and Arlene Wilson | 20% |

The trial court then stated that the claim of Emma Dowdy (grandmother of the deceased children) was distinctly separate and stood apart from the other claims; and therefore her claim should be considered separately. The court found that because the fire officials instructed Emma Dowdy not to enter the burning residence, her negligence was equal to or greater than fifty percent (50%) and she was thereby barred from recovery.

The trial court then went on to consider the claims of Cathy and Mary Dowdy. The court likewise considered the claims for personal injuries by Mary Dowdy and Cathy Dowdy in their individual capacities to be separate and apart and therefore considered them separately. The court then stated that their individual negligence was equal to or greater than fifty percent (50%) when compared to the negligence of the defendant property owners and barred them from recovery as parties plaintiff in their individual capacities.

Although not raised as an issue on appeal, this Court finds it necessary to address the correctness of the trial court's characterization of the fault of the plaintiffs, in order to properly address Appellants' final claim. This Court fails to see how each individual plaintiff's negligence was equal to or greater than fifty percent (50%), when the trial court apportioned forty-five percent (45%) negligence to Cathy Dowdy and thirty-five percent (35%) negligence to Mary Dowdy. It appears that the trial court either incorrectly considered the negligence of these two parties together or based its ruling on the fact that the negligence of each individual plaintiff was greater than the negligence of the Defendants.

However, this is a case in which there were found to be multiple tortfeasors. In a case with multiple tortfeasors, a plaintiff is entitled to recover as long as plaintiff's fault is less than the combined fault of all tortfeasors. McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). Of course, while the fault of all tortfeasors is compared to determine whether a plaintiff is entitled to recovery, the plaintiff may only recover from those parties made

7

defendants in the action. *See* Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 84 (Tenn. 1996) ("Failure of the plaintiff to assert its cause of action against such persons who are alleged by the defendant pursuant to Section 20-1-119 to have caused or contributed to the injury or damage, would not preclude the assessment of fault against such persons but would preclude the award of damages against such persons.") Therefore, while Mary Dowdy and Cathy Dowdy would be entitled to recovery under this scheme, they could only recover damages from Defendants (Wilsons), as they chose not to include each other as defendants in this lawsuit. Plaintiffs' recovery would be reduced by their own percentage of negligence and the percentage of negligence of any party not made a defendant against whom fault was properly attributed.

An argument could be made that the language found in the trial court's opinion regarding the negligence of Mary Dowdy and Cathy Dowdy being equal to or greater than fifty percent (50%), applies only to the individual claims of Mary Dowdy and Cathy Dowdy, and the trial court intended the detailed apportionment of fault (spelled out above) to govern the wrongful death claims. However, this Court sees no reason why the negligence of the parties should be apportioned differently with regard to the individual and derivative claims. In order to address the final issue before this court regarding the plaintiffs' recovery for the wrongful deaths of their children, we must first address the trial court's finding of negligence. To the extent that the trial court's opinion found the negligence of the plaintiffs to be equal to or greater than fifty percent (50%) with regard to the wrongful death claims, the trial court was in error.[1] The detailed apportionment of fault by the trial court shall apply.

Having found that the specific percentages apportioned to the parties by the trial court should control, the Appellants' argument that the trial court erred in awarding a recovery for the wrongful death of the children when the sole beneficiaries were more than fifty percent (50%) negligent has no merit. Neither Mary Dowdy nor Cathy Dowdy was found to be more than fifty percent (50%) negligent. Therefore, this Court does not need

---

[1]The defendants are the appellants in the case before this court. Mary Dowdy and Cathy Dowdy did not appeal the decision of the trial court. Any error made by the trial court in finding the negligence of the plaintiffs to be equal to or greater than 50%, and denying them any recovery in their individual capacities is an issue not before this Court.

8

to address the issue of whether a sole beneficiary who is found to be at least fifty percent (50%) negligent is barred from recovery.

Cathy Dowdy was found to be forty-five percent (45%) negligent in the deaths of the children. As her percentage of negligence is not equal to or greater than fifty percent (50%), she is entitled to recovery. Cathy Dowdy's recovery for the wrongful death of her son is reduced by the percentage of negligence attributed to her and also by the percentage of negligence attributed to Mary Dowdy, as Cathy Dowdy chose not to make Mary Dowdy a defendant in this lawsuit. The Wilsons are liable only for the percentage of the damages occasioned by their negligence (20%).

Mary Dowdy was found to be thirty-five percent (35%) negligent in the deaths of the children. Mary Dowdy is likewise entitled to recovery for the wrongful death of her son. Using the same reasoning as above, Mary Dowdy's recovery shall be reduced by the percentage of negligence attributed to her and by the percentage of negligence attributed to Cathy Dowdy, as Mary Dowdy did not bring suit against Cathy Dowdy. The Wilsons are liable to Mary Dowdy for the percentage of damages occasioned by their negligence (20%).

The trial court held that as to the cause of action for the wrongful death of the minor children, Mary Dowdy and Cathy Dowdy, respectively, as "non-party" plaintiffs in their representative capacities are entitled to recover twenty percent (20%) of the damages for the wrongful death of their respective minor children. The trial court reached this decision, irrespective of its statement that the negligence of the plaintiffs was equal to or greater than fifty percent (50%), based upon the premise that wrongful death is a derivative action and that a cause of action would exist in the deceased minor children in the instant case against their mothers.

This Court affirms the judgment of the trial court which awarded the plaintiffs twenty percent (20%) of the damages for the wrongful deaths of their respective children. However, this Court would point out that it is affirming the award of twenty percent (20%)

9

based upon the fact that the trial court, in its specific apportionment of fault, attributed less than fifty percent (50%) negligence to each plaintiff (Cathy Dowdy and Mary Dowdy). This Court does not reach the issue of whether a recovery for wrongful death may be awarded when the negligence of the sole beneficiary is found to be equal to or greater than fifty percent (50%).

## V. Conclusion

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to the Appellants, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.