# IN THE COURT OF APPEALS OF TENNESSEE
# AT JACKSON
## APRIL 2000 Session

## SUSAN SMYTKA & DONALD SMYTKA v. DAYTON-HUDSON CORPORATION, a Tennessee Corporation, d/b/a TARGET

**Direct Appeal from the Circuit Court for Shelby County**
**No. 80767 T.D.; The Honorable Robert A. Lanier, Judge**

---

**No. W1999-01751-COA-R3-CV - Filed August 25, 2000**

---

This appeal arises out of a complaint for personal injuries sustained when the Plaintiff was struck by a shopping cart in the parking lot of the Defendant's store. The Defendant filed a motion for summary judgment arguing that it did not violate the duty of care owed to the Plaintiff. The trial court granted the motion and entered judgment accordingly.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and FARMER, J., joined.

Stephen P. Hale, Joseph M. Koury, Memphis, for Appellants

Robert D. Flynn, Minton P. Mayer, Memphis, for Appellee

### OPINION

Susan and Donald Smytka appeal from the decision of the Shelby County Circuit Court granting the Defendant Dayton-Hudson Corporation's motion for summary judgment. For the reasons stated herein, we affirm the trial court decision.

### I. Facts and Procedural History

On April 29, 1996, Susan Smytka, then 63 years old, was walking from the grocery store to her home in Memphis, Tennessee. As she was walking, a storm formed in the area and it began to rain. In order to avoid the rain, Ms. Smytka cut through the parking lot of a Target store seeking the shelter of several trees which lined the base of the lot. As she was walking through the parking lot, she was suddenly knocked to the ground. Although she did not see what had hit her, she

testified that a Target shopping cart was the first thing she saw after looking up. She further testified that she believed the shopping cart was responsible for knocking her down.[1]  As a result of the incident, Ms. Smytka suffered several serious injuries.

Ms. Smytka and her husband, Donald, ("Plaintiffs") filed their initial complaint on August 16, 1996.[2]  They claimed that the Defendant was negligent for: failing to provide a braking system on the shopping carts, failing to make timely inspections of the parking area, failing to place warning signs in the parking area, failing to erect barriers, and failing to maintain the premises so as to avoid the injuries suffered by Ms. Smytka.  Target filed a motion for summary judgment on February 23, 1999, along with a statement of undisputed material facts.  The motion claimed that summary judgment was appropriate because the Plaintiffs had failed to produce any evidence which would tend to establish a disputed issue of material fact with regard to the required elements of a negligence claim, specifically whether Target had breached its duty of care.  Target contended that its procedures for the collection and removal of shopping carts from its parking lot satisfied its duty of reasonable care under the circumstances.  After a hearing on the motion for summary judgment, the trial court granted the motion and entered judgment in favor of the Defendant.  This appeal followed.

## II. Law and Analysis

Our standard of review on a motion for summary judgment is well settled.  Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met.  Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991).  Tenn. R. Civ. P. 56.04 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts.  Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993).  The moving party has the burden of proving that its motion satisfies these requirements.  Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991)(citing Jones v. Home Indemnity Ins. Co., 651 S.W.2d 213, 214 (Tenn. 1983).  As such, we must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor.  Byrd, 847 S.W.2d at 210-11.

A negligence claim requires a plaintiff to prove the following elements:  (1) a duty of care owed by the defendant to the plaintiff;  (2) conduct by the defendant falling below the standard of

---

[1] For the purposes of the summary judgment motion, Target conceded that a shopping cart was responsible for the accident.

[2] The original complaint named "Target, Inc." as the Defendant. However, the Plaintiffs subsequently amended the complaint and named "Dayton-Hudson Corporation, d/b/a Target" as the Defendant. For the sake of simplicity, we shall refer to the Defendant as "Target" or "Defendant."

care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998)(citing Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993)). Failure to establish any one of these elements is fatal to a cause of action for negligence.

As an initial matter, we recognize that summary judgment, as a general rule, is inappropriate in negligence cases. See Bowman v. Henard, 547 S.W.2d 527, 530 (Tenn. 1977); Gonzales v. Alman Constr. Co., 857 S.W.2d 42, 45 (Tenn. Ct. App. 1993). However, in Doe v. Linder Constr. Co., 845 S.W.2d 173, 183 (Tenn. 1992), the Tennessee Supreme Court noted: "If, as a matter of law, the plaintiff has failed to allege or prove facts sufficient to establish notice, the existence of the duty to act, breach of the duty, or proximate cause, dismissal, summary judgment, or a directed verdict would be appropriate." (quoting Tedder v. Raskin, 728 S.W.2d 343, 349 (Tenn. Ct. App. 1987)). Therefore, summary judgment is appropriate in the present case if the Plaintiffs have not produced sufficient evidence to show, as a matter of law, that the Defendant breached its duty of care. See Coln v. City of Savannah, 966 S.W.2d 34, 43 (Tenn. 1998)(citing Byrd v. Hall, 847 S.W.2d 208 (Tenn.1993)).

Generally, premises owners owe guests or invitees a duty of reasonable care under all the circumstances. Eaton v. McLain, 891 S.W.2d 587 (Tenn. 1994). Thus, owners generally have a duty to maintain their premises in a reasonably safe condition. Id. For the purposes of the present appeal, Target concedes that it owed a duty of care to Ms. Smytka. However, the main point of dispute between the parties, and the dispositive issue in this case, is whether that duty was breached.

In support of its motion for summary judgment, Target presented evidence regarding its procedures for monitoring and removing shopping carts from its parking lots. Target employs shopping cart attendants whose primary responsibility is the removal of shopping carts from the parking lot. On the date Ms. Smytka was injured, two shopping cart attendants were on duty. Target also provides rain gear for these attendants so that the removal of carts could continue during episodes of inclement weather. In addition to the procedures for removing carts from its parking lot, Target also had cart corrals in its parking lot where customers could place their carts after unloading. Eight such corrals were placed throughout the parking lot.

The Plaintiffs offer several arguments to refute Target's claims regarding the collection of shopping carts from its parking lots. Specifically, they cite to forty-three (43) separate reports of damage resulting from shopping carts coming into contact with vehicles parked in the lot. Also, Ms. Smytka testified that she often saw Target shopping carts rolling free in the parking lot. Finally, the Plaintiffs cite testimony from Target employees indicating that shopping carts would consistently gather at the bottom of the sloped Target parking lot following inclement weather.

As we analyze the various assertions by the parties, we must conclude that there is no dispute as to the material facts of this case. We have little doubt that Target does have a mechanism for collecting carts and that this process is ongoing throughout the day. Also, consistent with Ms. Smytka's testimony, we also have little doubt that, at any given time, shopping carts will be rolling

free in the parking lot. The question is whether the facts are sufficient to show a breach of the duty of care. We agree with the trial court that the undisputed facts do not allow for a finding that Target breached its duty of care.

It is almost impossible to keep a parking lot completely clear of shopping carts, especially when a store is as busy as this particular Target store appears to be. Unfortunately, Target cannot force customers to place their shopping carts in the cart corrals, nor is it practical to believe that Target can keep the parking lot constantly free of shopping carts. Likewise, Target cannot control the weather. This combination of factors practically guarantees that shopping carts will roll free during episodes of inclement weather. There is no proof that Target was negligent in its removal of carts on the day the injury occurred. To find Target negligent under the circumstances would be to impose strict liability. However, a merchant is not the absolute insurer of the safety of its customers. Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980). There must be a showing that the merchant breached the duty of reasonable care under the specific circumstances. In the present case, there is no such evidence. The mere fact that carts periodically rolled free in the parking lot does not mandate a decision to the contrary.

We conclude, as did the trial court, that reasonable minds could not differ as to the question of whether Target breached its duty of care to Ms. Smytka. As stated previously, any contrary conclusion would be tantamount to imposing strict liability, thereby making Target the absolute insurer of its customer's safety. Ms. Smytka's random observations of carts rolling free is not sufficient to create a dispute as to the material facts. At most, those observations only serve to confirm what is common knowledge, namely that shopping carts will gather in the parking lot of a retail outlet such as Target. Such accumulation of carts can, and will, take place despite Target's best intentions. The circumstances which led to Ms. Smytka's injuries are certainly unfortunate. However, Target does not bear the responsibility, absent some evidence showing its actions fell below the standard of reasonable care. We find no such evidence in this case.[3]

Finally, we wish to address the specific argument advanced by the Plaintiffs that Target was negligent because it failed to employ an automatic braking system on its shopping carts. We believe this argument fails because Target's duty was that of reasonable care under the circumstances. Certainly, there are circumstances in which a party is charged with the absolute duty to insure that injuries do not result. However, the law of negligence does not contemplate such requirements. Target's duty was that of reasonable care. Such a duty does not require Target to employ every conceivable safeguard which is available. Moreover, the fact that Target chooses to employ such a braking system at other stores is not a basis for finding Target negligent in the present case. We believe the Plaintiffs' arguments in this regard sound in strict liability. Since there exists no basis

---

[3] We would note that there is little, if any, evidence in this case specific to the date in question. The Plaintiffs' arguments rely on past observations and past occurrences. We find little evidence as to what actually happened on the date of the injury. Although it is not necessary to our decision, we believe this lack of specific evidence would present the Plaintiffs with a serious obstacle in regards to the question of causation, another essential element of a negligence claim.

for imposing such a stringent standard of care in this case, we find no validity in the Plaintiffs' contentions.

## Conclusion

For the aforementioned reasons, we affirm the trial court decision granting summary judgment in favor of the Defendant. Costs of this appeal are taxed to the Appellants, Susan and Donald Smytka, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE